(No. 54444.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARY LOU GREER, Appellee.

*Opinion filed November 20, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield, and Robert Shuff, State's Attorney, of Mt. Vernon (Herbert Lee Caplan, Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Martin N. Ashley, Christopher S. Carroll, and Gaye A. Bergschneider, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Paul D. Giamanco, of Giamanco & Wexstten, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal concerns the admissibility of evidence seized pursuant to a search warrant, the complaint for which was based on an anonymous telephone caller's tip. Mary Lou Greer's (defendant's) home was searched, the evidence seized, and she was charged with burglary and theft. Prior to a bench trial, the defendant filed a motion to suppress the evidence. The Jefferson County circuit court denied the motion. The defendant was convicted of burglary and theft. The appellate court reversed, with one justice dissenting. (91 Ill. App. 3d 304.) We granted the State leave to appeal pursuant to our Rule 315 (73 Ill. 2d R. 315).

On July 28, 1978, Karl Powers, dispatcher for the Mt. Vernon police department, received a telephone call from an anonymous female. The caller told Powers that she had information about "the Wielt case." She stated that a television set, a police scanner, and a clock, taken in a burglary of the Wielt home in rural Jefferson County, could be found "at the Greer home at 2101 College" in Mt. Vernon. Powers relayed this information to his superior, who, in turn, contacted Deputy Roy Bradford of the Jefferson County sheriff's office, within whose jurisdiction the case fell. Bradford telephoned Powers to confirm the anonymous call and to inform Powers that the items mentioned had in fact been stolen from the Wielt home.

Based on this information, Deputy Bradford signed a complaint for a search warrant. The complaint alleged:

"1. That on July 28, A.D. 1978, at the hour of 11:30 A.M. Karl Powers received an anonymous phone call stating that materials involved in burglary of the Wielt residence were located at the residence of Mary Lou Greer located at 2101 College, Mt. Vernon, Illinois.

> Powers checked with deponent who verified the items taken in the burglary and the victims address which collaborated [*sic*] the informants information that by reason thereof, deponent believes that the offense of Burglary and Theft has been committed."

The circuit court denied the motion to suppress the evidence seized pursuant to the warrant, stating that probable cause existed because the anonymous informant's description of the items taken matched that given by the victim of the burglary. The appellate court reversed. We find that the complaint for the search warrant does not meet the two-prong test set out in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.

Both the fourth amendment of the United States Constitution and article I, section 6, of the Illinois Constitution of 1970 provide that a search warrant may not issue without probable cause. The evaluation as to whether probable cause exists for the issuance of the warrant must be made by a neutral and detached judicial officer and not the police officer. That determination must be made from sworn statements or affidavits presented to the judge.

Recently, this court considered a search and seizure case in which the search warrant had been issued on the basis of a complaint containing information supplied in an anonymous letter. (*People v. Gates* (1981), 85 Ill. 2d 376.) We consider the holding in that case controlling here and will therefore not elaborate in detail on the applicable law.

The Supreme Court in *Aguilar v. Texas* set forth the constitutional standard to be used in determining whether a search warant was properly issued when it was based on information supplied by an anonymous informant. The test is essentially in two parts, which are commonly referred to as the "basis of knowledge" prong and the "veracity" prong. Because of the holding in our case, it will not be necessary for us to discuss the veracity prong.

To satisfy the basis-of-knowledge part of the test, the informant must disclose some underlying facts or circum-

stances which support his conclusion that the property to be seized (in our case the stolen property) is where he claims it to be. Such underlying information will enable the neutral judicial officer to make his own evaluation of the underlying facts in determining whether or not to issue the warrant. The information may fail to adequately set forth the basis of his knowledge; that is, how his information was obtained. However, this deficiency may be cured if the information is so detailed that the judicial officer could reasonably infer that the informant had gained this information in a reliable manner. (*Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584.) The subsequent verification of the details the informant furnishes may be used to support a finding of probable cause.

In *People v. Gates* the anonymous letter not only stated the location where narcotics could be found, but also stated some details concerning the activities of the people who, it was alleged, had possession of the narcotics. These details were subsequently verified by the police. Nevertheless, this court held that the basis-of-knowledge test had not been satisfied, and that the corroborative evidence, when coupled with the details of the informant's letter, did not constitute probable cause under the test of *Aguilar*. The details furnished in *Gates* were substantially more than those furnished in our case.

In the case now before us, the informant stated simply that a television set, a police scanner, and a clock that had been taken in a burglary of the Wielt house could be found at the Greer home at 2101 College in Mt. Vernon. She did not state how she knew these items were stolen, or how she knew they were in the Greer home. Nor did she give any details from which one could conclude that she did have a basis for making her allegations.

The State contends that the informant's information was subsequently verified. It was established by checking with the sheriff's office that the Wielt home had in fact been

burglarized and that a television set, a police scanner, and a clock had been taken. In *Gates* we stated that self-verifying detail as a means of satisfying the basis of knowledge prong must be accepted with great circumspection. We also noted that Mr. Justice Harlan, in *Spinelli,* cautioned that the . informant must describe the criminal activity in detail adequate to show the magistrate he is relying on information more substantial than casual rumor.

The information the anonymous informant gave the Mt. Vernon police officer does not satisfy the basis-of-knowledge requirement. As Mr. Justice Harlan stated in *Spinelli*:

"This meager report could easily have been obtained from an offhand remark heard at a neighborhood bar." (*Spinelli v. United States* (1969), 393 U.S. 410, 417, 21 L. Ed. 2d 637, 644, 89 S. Ct. 584, 589.)

The fact that it was later learned that the Wielt home had been burglarized and that the items named by the informant had been stolen does not constitute sufficient verification of the tip so as to satisfy the "basis of knowledge" prong. This information could indeed have been heard at a neighborhood bar, or possibly, could have been heard on a local news broadcast, or could have been read in the paper. More substantial verification is required.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*