THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK ROSS, Defendant-Appellant.

First District (1st Division)   No. 83—1514

Opinion filed April 15, 1985.

James E. Brown, of Schiff, Hardin & Waite, and Steven Clark, of State Appellate Defender's Office, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Frank G. Zelezinski, and Patrick J. Foley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Patrick Ross, was convicted in a jury trial and concurrently sentenced to 70 years' imprisonment for murder and 30 years for aggravated kidnaping. (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1(a-3), 10—2(3).) On appeal, defendant raises the following issues: (1) whether the United States or Illinois constitutions require that a written or recorded transcript be made of evidence presented at an *ex parte* hearing at which an arrest warrant is authorized; (2) whether the court erred in denying defendant's motion to quash arrest; and (3) whether the court erred in denying defendant's motion to suppress defendant's statements.

The record reveals that on April 16, 1982, Chicago police detectives Terence Thedford and James Antonacci appeared before circuit court Judge Murphy and obtained an arrest warrant for defendant. At this time, Thedford testified that the defendant had been implicated in the robbery and murder of one Melvin Lloyd by the statements of "two other co-offenders that had been arrested in this matter." After being arrested and charged, defendant filed motions to quash his arrest and to suppress certain statements.

At the hearing on defendant's motion to quash on September 27, 1982, the detectives were unable to recall the precise testimony Thedford had given before Judge Murphy when the arrest warrant was issued. The trial court denied defendant's motion to quash arrest on the

basis that defendant failed to meet his burden that no probable cause existed for the arrest.

At the hearings on the motion to suppress statements on November 19, 1982, March 9, 1983, and March 10, 1983, the detectives testified that defendant was arrested at approximately 11:50 p.m. on April 19, 1982. Defendant was then driven to Area Four Violent Crimes offices at 3151 West Harrison, where he was taken to an interrogation room, handcuffed to a restraining ring, and left alone. The detectives returned to the interrogation room five to 10 minutes later and had various interviews with defendant, resulting in a written statement signed by defendant. Defendant was then charged with the robbery and murder of Melvin Lloyd. The trial court denied defendant's motion to suppress on the basis that the State met its burden to demonstrate that by obtaining these statements defendant's fourth amendment rights were not violated. Defendant was subsequently found guilty in a jury trial and sentenced to 70 years for murder with a concurrent sentence of 30 years for aggravated kidnaping.

■ Defendant first contends that failure to provide a written or recorded transcript of the evidence heard by the court in the *ex parte* hearing concerning the issuance of the arrest warrant violated defendant's constitutional rights. Defendant argues that "only by requiring written affidavits, or the recording of oral testimony, can it be assured that reviewing courts will have an accurate record of the evidence relied upon to find probable cause for arrest warrants." Defendant relies on *People v. Elias* (1925), 316 Ill. 376, 147 N.E. 472, to support his position. In *Elias*, the defendant raised issues concerning the proper procedure to use in issuing a search warrant. The court held that "[t]he testimony on which the magistrate acts must be reduced to writing, incorporated in a formal complaint and verified by affidavit." (*People v. Elias* (1925), 316 Ill. 376, 381, 147 N.E. 472, 474.) However, *Elias* can be distinguished on its facts in that *Elias* pertains to the issuance of search warrants which are listed under section 108—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 108—3), while the requirements of arrest warrants are set forth in section 107—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 107—9).

Under the fourth amendment to the United States Constitution, an arrest warrant must be supported by probable cause. (*Giordenello v. United States* (1958), 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245.) However, the fourth amendment contains no prescription as to the form or manner in which probable cause must be shown, but merely provides that "no Warrants shall issue, but upon probable

cause, supported by Oath or affirmation." (*Gillespie v. United States* (8th Cir. 1966), 368 F.2d 1, 4.) Similarly, the Illinois Constitution requires that "No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." (Ill. Const. 1970, art. 1, sec. 6.) Section 107—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 107—9) provides for the issuance of an arrest warrant where the issuing judge has been presented with a sworn complaint and has heard testimony under oath which supports the determination that probable cause exists that the person has committed a crime. In issuing an arrest warrant, the court is not bound by the four corners of the complaint, but may base its determination of probable cause upon its required examination of the complainant or witness. Ill. Rev. Stat. 1981, ch. 38, par. 107—9; *Village of Willowbrook v. Miller* (1966), 72 Ill. App. 2d 30, 217 N.E.2d 809.

In the instant case, defendant requests that this court expand the protection of the fourth amendment and require that a written or recorded transcript be made of *ex parte* proceedings for the issuance of arrest warrants. Some jurisdictions require that a written or recorded transcript be made if it is to be utilized to support probable cause. (See *Glodowski v. State* (1928), 196 Wis. 265, 220 N.W. 227; *People v. Moreno* (1971), 176 Colo. 488, 491 P.2d 575.) However, six United States Circuit Courts of Appeals have held that the fourth amendment contains no prescription as to the form or manner in which probable cause must be shown. (See *United States ex rel. Pugach v. Mancusi* (2d Cir. 1969), 411 F.2d 177, *cert. denied* (1969), 396 U.S. 889, 24 L. Ed. 2d 163, 90 S. Ct. 172; *United States ex rel. Gaugler v. Brierley* (3d Cir. 1973), 477 F.2d 516; *United States v. Hill* (5th Cir. 1974), 500 F.2d 315, *cert. denied* (1975), 420 U.S. 931, 43 L. Ed. 2d 404, 95 S. Ct. 1135; *Frazier v. Roberts* (8th Cir. 1971), 441 F.2d 1224; *Gillespie v. United States* (8th Cir. 1968), 368 F.2d 1; *Sherrick v. Eyman* (9th Cir. 1968), 389 F.2d 648, *cert. denied* (1968), 393 U.S. 874, 21 L. Ed. 2d 144, 89 S. Ct. 167; *Leeper v. United States* (10th Cir. 1971), 446 F.2d 281, *cert. denied* (1972), 404 U.S. 1021, 30 L. Ed. 2d 671, 92 S. Ct. 695.) Moreover, prior decisions involving the showing of probable cause for the issuance of arrest warrants under the Illinois Constitution have applied the same standards contained in the fourth amendment as construed by the United States Supreme Court, and we see no reason to depart from that approach in the instant case. (*People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147; *People v. Williams* (1963), 27 Ill. 2d 542, 190 N.E.2d 303.) Defendant has not cited any Illinois cases to support his contention. Both of the cases

cited by defendant are based on their respective State constitutions, and defendant has not demonstrated that either the fourth amendment to the United States Constitution or the Illinois Constitution require that a written or recorded transcript be made at the *ex parte* hearing as a condition to the issuance of an arrest warrant.

■ Defendant next contends that the court improperly denied his motion to quash arrest because insufficient probable cause for arrest was shown. Defendant argues that there was nothing in the record before Judge Murphy which would reflect the informants' veracity, reliability or basis of knowledge to support a finding of probable cause for the issuance of the arrest warrant.

Whether probable cause exists in a particular case turns on the "totality of the circumstances and facts known to the officers and court when the warrant is applied for." (*People v. Free* (1983), 94 Ill. 2d 378, 400, 447 N.E.2d 228; see *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317; *People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.) Although a mere suspicion that the person arrested has committed the offense is an insufficient basis for arrest, evidence sufficient to convict is not necessary. (*People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.) The decision on whether to issue an arrest warrant is to be based on information contained in sworn statements of affidavits that are presented to the magistrate. (*People v. Greer* (1981), 87 Ill. 2d 89, 429 N.E.2d 505.) A reviewing court will not disturb a trial court's finding of probable cause unless it is manifestly erroneous. *People v. Robinson* (1980), 91 Ill. App. 3d 1138, 415 N.E.2d 585.

In the instant case, defendant has not shown that the trial court acted in a manifestly erroneous manner. The record shows that Detective Thedford provided information to the judge based on a "tip" from two co-offenders in order to obtain the arrest warrant. When a co-offender who is under arrest and in custody supplies a police officer with a "tip" implicating alleged accomplices, the test is whether the statement of the co-offender constitutes probable cause for the arrest of the alleged participating accomplice. (*People v. Jackson* (1979), 72 Ill. App. 3d 231, 390 N.E.2d 47.) Our review of the record reveals that these two co-offenders had been arrested and, admitting their own participation in the offenses, they implicated defendant as the third offender who beat the victim with a brick, resulting in his death. Therefore, the record supports the action of the trial court as proper.

■ Defendant's final contention is that the court erred in denying the motion to suppress defendant's statements. Defendant initially sought to suppress statements on the ground that evidence presented

for the arrest warrant was insufficient to establish probable cause, and, as a consequence, defendant's confession should have been suppressed. Defendant also claims that his confession was coerced due to physical and mental abuses. Specifically, defendant claims he was "choked repeatedly," "kneed in the groin," "told a story to repeat to the Assistant State's attorney," and "threatened by Thedford if he failed to confess." However, the record shows that during the interrogation the defendant told the assistant State's Attorney that he was not "mistreated," "threatened," "thirsty" or "in need of the bathroom." Additionally, a photograph taken of defendant at the conclusion of defendant's statement reflected no marks, bruises, or anything unusual in defendant's appearance. Defendant also read and signed a waiver of constitutional rights form before giving a statement.

If there is a direct conflict between the State's evidence and the defendant's, it is the function of the trier of fact to resolve the issue of credibility. (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313; *People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595.) When the evidence is merely conflicting, a court of review will not substitute its judgment for that of the trier of fact unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733; *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313.) Additionally, the finding of a trial court on a motion to suppress statements will not be disturbed unless it is contrary to the manifest weight of the evidence. *People v. Hernandez* (1982), 105 Ill. App. 3d 501, 434 N.E.2d 532.

From our review of the record, sufficient evidence was present to support a finding that the court's ruling on defendant's motion to suppress was not against the manifest weight of the evidence.

For the reasons stated, the decision of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON, P.J., and BUCKLEY, J., concur.