THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GERALD DAMIAN, Defendant-Appellee.

First District (1st Division)   No. 1—97—4255

Opinion filed September 28, 1998.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Lisette C. Mojica, Assistant State's Attorneys, of counsel), for the People.

Law Offices of Dennis M. Cooley, of Chicago (Dennis M. Cooley and Patrick E. Boyle, of counsel), for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Gerald Damian was charged with four counts of possession of a controlled substance with intent to deliver and possession of cannabis. At issue on appeal is whether the trial court properly granted defendant's motion to quash the John Doe search warrant and suppress evidence.

## I. FACTS

In the complaint for search warrant dated February 1, 1996, Officer Bonnstetter indicated that on December 16, 1995, he first met "John Doe," who told him that an individual named Gerald, who lived at 2054 West Chase Avenue in Chicago, was selling cocaine from that address. Doe then went to that address to make a controlled buy. He was searched prior to the buy, found to be free of contraband, and given $20. Doe went to the back door, met with a man he identified as Gerald, and exchanged the money for a package. Doe returned to Officer Bonnstetter's car parked "out back" and was searched once again. The substance in the package Doe purchased was sent to the lab and identified as cocaine. Doe arranged to meet with Officer Bonnstetter the following day but failed to do so.

The complaint further stated that on February 1, 1996, John Doe contacted Officer Bonnstetter and told him that Gerald had approximately one-half ounce of cocaine. Doe said that he knew it was cocaine because he "snorted" some and got the same high as when he used cocaine in the past. Doe was with Gerald earlier on February 1, 1996, while Gerald was mixing the cocaine, and stated that Gerald kept the substance used to cut the cocaine and several scales in the kitchen pantry. The complaint also stated that a computer check revealed that a man named Gerald Damian resided at that address.

Defendant was arrested following the execution of the search warrant. He was found to be in possession of approximately 400 grams of suspect cocaine, 600 grams of suspect cannabis and numerous pills.

On May 22, 1997, defendant filed a motion to quash the search warrant and suppress evidence. The trial court granted the motion. At the hearing on the motion, the court found that there was no indication that John Doe was brought before the issuing magistrate and that the affidavit contained no facts showing that Doe was reliable. The court also stated that Doe's failure to meet with the officers the day after the controlled buy was evidence of his unreliability. The court found insufficient probable cause existed to support the search warrant.

The prosecution filed a motion for reconsideration on September 16, 1997, which the trial court denied. The prosecution appeals from the trial court's order granting defendant's motion to quash the search warrant and suppress evidence.

## II. STANDARD OF REVIEW

■ A reviewing court will not disturb a trial court's finding on a motion to suppress unless that finding is manifestly erroneous. *People v. Tisler*, 103 Ill. 2d 226, 248, 469 N.E.2d 147 (1984). Applying that standard, we affirm the trial court.

## III. ANALYSIS

The prosecution argues that the trial court erred in granting defendant's motion to quash the search warrant because the affidavit executed by Officer Bonnstetter stated sufficient facts to support probable cause for the issuance of the warrant. Alternatively, the State maintains that the officers acted in good faith when executing the defective warrant and, therefore, evidence obtained during the search should not be excluded from use at trial.

■ Probable cause to issue a search warrant exists if facts set forth in an affidavit would cause a reasonable person to believe a crime has been committed and evidence of that crime is in the place to be searched. *People v. McCoy*, 135 Ill. App. 3d 1059, 1063, 482 N.E.2d 200 (1985). Proof beyond a reasonable doubt is not necessary to establish probable cause; rather, probability is the standard for issuance of a search warrant. *People v. Bibbs*, 176 Ill. App. 3d 521, 531 N.E.2d 75 (1988). The issuing judge bases the decision to issue a warrant on the information contained in sworn statements or affidavits. *Tisler*, 103 Ill. 2d at 236.

■ We find that the trial court did not err in granting defendant's motion to quash the search warrant and suppress evidence. In this case, six weeks passed from the time of the controlled buy until the

request for a search warrant was made. The passage of time bears upon the question of the existence of probable cause. *People v. Montgomery*, 27 Ill. 2d 404, 405, 189 N.E.2d 327 (1963). Whether the complaint for search warrant is too remote depends on all the facts and circumstances of the case. *McCoy*, 135 Ill. App. 3d at 1067; *People v. Dolgin*, 415 Ill. 434, 442, 114 N.E.2d 389 (1953). There is no set rule for determining when the passage of time will extinguish probable cause. *People v. Evans*, 57 Ill. App. 3d 1044, 1050, 373 N.E.2d 524 (1978). The most important factor in determining whether the probable cause is "stale" is the continuity of the offense. *McCoy*, 135 Ill. App. 3d at 1067; 1 W. LaFave, Search & Seizure, § 3.7(a) at 686 (1978).

Here, Officer Bonnstetter conducted one controlled buy with John Doe on December 16, 1995, six weeks prior to the issuance of the warrant. Doe did not contact the officer again until February 1, 1996. The warrant provided no information that the defendant, during this six-week period, was engaged in a continuing course of criminal conduct. Under these circumstances, we cannot conclude from the information provided in the warrant that defendant engaged in a continuing course of criminal conduct, and thus the information concerning the probable cause from December 16, 1995, is stale. *Dolgin*, 415 Ill. at 442; *McCoy*, 135 Ill. App. 3d at 1059.

Six weeks later, on February 1, 1996, John Doe did not conduct another controlled buy; rather, the complaint contains a vague allegation that Doe informed the officer that defendant was in possession of cocaine. Missing from the warrant is an indication of where the cocaine was located when defendant possessed it. Specifically, the warrant fails to indicate that defendant possessed the cocaine February 1, 1996, at 2054 West Chase Avenue in Chicago. Unlike the information provided in the warrant regarding John Doe's contact with Officer Bonnstetter six weeks earlier on December 16, 1995, where John Doe indicated that Gerald was selling cocaine from 2054 West Chase, the description of Doe's contact with Gerald on February 1, 1996, does not mention 2054 West Chase. The passage of time, taken in conjunction with the lack of specificity as to where defendant possessed this cocaine on February 1, 1996, makes the warrant fatally defective.

■ Furthermore, the reliability and veracity of the source of the information contained in the search warrant remain highly relevant factors when making a determination whether the information provided establishes probable cause for the issuance of a warrant. The determination of whether the complaint for a search warrant establishes probable cause must be made by a judicial officer, not by a police officer. *People v. Greer*, 87 Ill. 2d 89, 429 N.E.2d 505 (1981). "The task of the issuing magistrate is simply to make a practical,

common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983).

Prior to December 16, 1995, John Doe did not have a proven track record of reliability with Officer Bonnstetter. As indicated in the warrant, Bonnstetter first met John Doe on December 16, 1995. There is no indication that John Doe was brought before Judge Leo Wrenn, the judge issuing the warrant. The affidavit does not establish that the officer personally witnessed John Doe enter defendant's apartment on December 16, 1995, to conduct the controlled buy, stating only that the officer was parked "out back." There are other indications of the unreliability of the John Doe informant, including the fact that he was scheduled to meet with the officers the day after the controlled buy, December 17, 1995, but failed to do so.

Moreover, in this case, the unreliability of the John Doe informant is not overcome by independent police investigation corroborating the information supplied by Doe. While the complaint for search warrant indicates that a computer check confirmed that defendant resided at 2954 West Chase, it does not provide a factual basis to conclude that on February 1, 1996, six weeks after the "controlled" buy, cocaine would be found at that specific address.

■ For determining the sufficiency of a complaint for search warrant, no presumption of reliability applies to an anonymous informant. *People v. Seats*, 121 Ill. App. 3d 637, 460 N.E.2d 110 (1984). The prosecution contends that under the *Gates* totality of the circumstances test, an informant's lack of reliability can be compensated for by other facts in an affidavit that show independent corroboration of the presence of contraband in the area sought to be searched. However, the narrative of the affidavit in this case does not provide specific facts that demonstrate independent corroboration of the existence of the contraband in the area sought to be searched on February 1, 1996. In fact, the area sought to be searched, namely, 2054 West Chase, is not mentioned in connection with the cocaine which John Doe said defendant possessed on February 1, 1996, six weeks after his initial contact with defendant.

■ Applying the *Gates* totality of the circumstance test we conclude that the finding of the trial court is not manifestly erroneous. The unreliability of the informant, the vague description of the controlled buy, the six-week time span between the first contact with the informant and the execution of the warrant, the lack of information

that defendant was engaged in a continuing course of criminal conduct during the six-week time span, the lack of independent corroboration of the informant's claims, the failure of the police to conduct further investigation during this six-week period, the lack of explanation as to the absence of further police investigation, and the failure of the warrant to state that defendant was in possession of cocaine at any specific location on February 1, 1996, taken in total demonstrate the trial court's finding was not manifestly erroneous. See *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983).

■ The State next argues that even if probable cause is found to be lacking, the evidence obtained with the search warrant is admissible under the good-faith exception to the exclusionary rule. We find that the State waived this argument. Our review of the record indicates that the State failed to raise the argument during the hearing on the motion to quash the search warrant and suppress evidence and additionally failed to include the argument in its motion to reconsider. Moreover, the trial court heard further oral argument on the prosecution's motion to reconsider and the prosecution failed at that time to argue that the good-faith exception was appropriate here. Finally, in its notice of appeal, the prosecution failed to mention the good-faith exception.

An issue may be considered waived on appeal where a party neither objects at trial nor raises the issue in a written posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 185, 522 N.E.2d 1124 (1988). The failure of the prosecution to argue the good-faith exception before the trial judge deprived the judge of the opportunity to address such an argument or conduct any necessary hearing. We find this argument waived on appeal. *People v. Gray*, 247 Ill. App. 3d 133, 147, 617 N.E.2d 217 (1993). In light of all of the foregoing, we affirm the order of the circuit court granting the motion to quash and suppress evidence and conclude that the trial court's finding was not manifestly erroneous.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concur.