JUSTICE GARCIA delivered the opinion of the court: The circuit court granted the pretrial motion of the defendant, Martinez S. Lenyoun, to quash the warrant authorizing the search of apartment 2E in a six-unit building because the sworn complaint made no showing of probable cause to justify the search. Judge Thomas M. Tucker also ruled that because probable cause to search the apartment was wholly lacking, the evidence seized was subject to suppression, the good-faith doctrine notwithstanding. We understand the State to contend that in light of the deference owed to a judicial determination of probable cause, the warrant is not constitutionally deficient. In the alternative, the State contends the police officers that seized the evidence acted in good-faith reliance on the search warrant, which precludes suppression. We affirm. The complaint for the search warrant amounted to no more than a “hare-bones” affidavit of probable cause for the search of the defendant’s residence. Where probable cause is wholly lacking, the good-faith exception to the exclusionary rule does not apply. Background On February 18, 2004, Detective Carlo Viscioni of the Hillside police department filed a complaint for a warrant to search the defendant and his vehicle. The complaint detailed surveillance of the defendant and an individual named Paul Jones for narcotics trafficking beginning on February 2, 2004, by officers from the Maywood police department, the Wheaton police department, and the Hillside police department. The complaint noted that in August 2001, Paul Jones was arrested at an apartment leased by the defendant where officers seized narcotics and weapons. On three different dates in February 2004, surveillance officers observed the defendant depart from 110 Hillside Avenue, Hillside, drive to a location in a nearby municipality, meet an individual on a street, and appear to exchange an item for United States currency. On February 16, 2004, an individual with whom the defendant had such an exchange was detained shortly thereafter by the Hillside police. That individual, Darryl Cox, was found to be in possession of cocaine, which he claimed to have purchased from the defendant. Mr. Cox stated he arranged to purchase cocaine from the defendant by calling a number the defendant had given him, which Mr. Cox gave to the police. Mr. Cox also identified the defendant from a photo array as the individual that drove to meet him on the street and sold him the drugs. On February 18, 2004, at approximately 2 p.m., Detective Viscioni filed a complaint for a search warrant with a judge from the fourth municipal district of the circuit court of Cook County. The judge issued a search warrant for the defendant’s person and his vehicle. That same day, the defendant was observed leaving 110 Hillside Avenue, Hillside, as he had on the three prior dates before engaging in street exchanges that were described in the complaint for the search warrant. At approximately 6 p.m., Detective Viscioni and fellow officers stopped the defendant in his vehicle. The defendant and his vehicle were thoroughly searched pursuant to the search warrant. No contraband was recovered. The officers did recover a list that contained the word “dope” and four business cards, one of which contained the same telephone number Mr. Cox stated he called to arrange a drug buy. The telephone number corresponded to a cell phone. No information was obtained to connect the cell phone number with apartment 2E, 110 Hillside Avenue, Hillside, Illinois. The defendant’s vehicle was registered to 315 S. 28th Avenue, Bellwood, Illinois. Following the execution of the search warrant, the defendant denied Detective Viscioni’s request for consent to search apartment 2E at the Hillside address; the defendant denied living in Hillside, though the Illinois driver’s license he produced listed 110 Hillside Avenue as his residence. A K-9 unit from the Westchester police department alerted to the interior of the defendant’s vehicle and to the $352 the defendant had on his person. About two hours after the unsuccessful search of the defendant’s person and his vehicle, Detective Viscioni returned to the same circuit court judge with a second application for a search warrant. The complaint was approved by an assistant State’s Attorney at 7:47 p.m. The complaint for the second warrant was identical to the first except that it added information obtained in the execution of the first warrant of the defendant and his vehicle. The complaint listed the recovery of the business cards, the list with the word “dope,” the defendant’s driver’s license showing the address of 110 Hillside Avenue, Hillside, Illinois, and the alerts by the K-9 unit to the vehicle and to the United States currency recovered from the defendant. The complaint requested a search warrant for the defendant’s person and apartment 2E at “110 Hillside Ave, Hillside, Cook County, IL.” The warrant was signed on February 18, 2004, and apparently executed immediately thereafter. On the defendant’s motion to quash the search warrant and suppress the evidence, the parties proceeded with argument only before the circuit court. Both parties treated the motion as presenting a question of law only. According to Judge Tucker, the legal argument presented by the defendant was “that the document itself [the complaint for search warrant] did not contain sufficient information to support a search warrant.” After oral arguments by counsel, Judge Tucker agreed that the complaint was constitutionally deficient. He ruled the complaint for the second warrant lacked “sufficient specificity for the 2E apartment” to justify a search. A hearing date was given on the State’s oral motion for a good-faith finding on the part of the officers executing the search warrant. At the hearing on the State’s motion, a single witness was called. Detective Viscioni testified this case was the first time he had ever applied for a search warrant. Detective Viscioni admitted he did not inform the circuit court judge at the time he requested the second warrant that the execution of the first warrant resulted in no seizure of contraband from the defendant or his vehicle. Detective Viscioni admitted he never saw drugs or had been told by anyone else that “drugs or other drug paraphernalia” were present in apartment 2E prior to the execution of the second warrant. Detective Viscioni admitted that he had no information that anyone had ever “purchased drugs from the defendant while he was in apartment 2E.” Nor did Detective Viscioni ever witness “the defendant take drugs, drug paraphernalia or any other drug related items into or out of that apartment.” Detective Viscioni admitted that no one he was aware of “had previously purchased drugs from the defendant or anyone else while at that apartment.” Detective Viscioni conceded that no wire taps existed where the defendant was “overheard *** conducting drug activities from apartment 2E.” Detective Viscioni conceded that no “undercover buys [were ever made] from the defendant or anyone else from apartment 2E.” Finally, Detective Viscioni admitted that on or before the issuance of the second warrant, he never saw “the defendant go into apartment 2E.” Judge Tucker denied the State’s motion for a good-faith exception to the exclusionary rule. “I don’t believe there is sufficient evidence to support the search. Therefore, the motion is denied.” This timely appeal followed. ANALYSIS The State asserts in the “Issues” section of its brief that the initial issue presented for review by this court is whether “the issuing judge had probable cause to believe the defendant was engaged in criminal activity.” This broad language is not an accurate statement of the issue before us. See 210 Ill. 2d R. 341(h)(3). The issue regarding the validity of the search warrant is whether the issuing judge had a substantial basis for determining the existence of probable cause for the issuance of the search warrant. United States v. Leon, 468 U.S. 897, 914, 82 L. Ed. 2d 677, 693, 104 S. Ct. 3405, 3416 (1984); People v. McCarty, 223 Ill. 2d 109, 153, 858 N.E.2d 15 (2006). We also reject the State’s position in its briefs that the circuit court granted the motion to quash the search warrant because the warrant omitted “Hillside” from the address of 110 Hillside Avenue as one of two possible residences for the defendant. The circuit court did not base its ruling declaring the warrant invalid on such an omission. There can be no real dispute that Detective Viscioni, as one of the executing officers, knew that the apartment to be searched is located in Hillside. Any fair reading of the warrant would enable “the officer executing the warrant, with reasonable effort, to identify the place to be searched. [Citations.]” McCarty, 223 Ill. 2d at 149. In fact, at the time of the execution of the first warrant, the defendant produced an Illinois driver’s license showing his residence to be 110 Hillside Avenue, Hillside, Illinois. That apartment 2E in Hillside was not specifically listed as a possible residence of the defendant in the complaint did not render the warrant fatally defective; nor did the circuit court so rule. In any event, it is the judgment of the circuit court that we review. We may uphold the circuit court’s judgment that the warrant was invalid and that the evidence seized is subject to suppression on any basis supported by the record, “even if the trial court’s reasoning was flawed.” People v. Tumage, 251 Ill. App. 3d 485, 489, 622 N.E.2d 871 (1993), aff’d, 162 Ill. 2d 299, 642 N.E.2d 1235 (1994). Accordingly, there is no need to address further the State’s differing view of the circuit court’s rulings. Standard of Review We note the briefs filed by the parties fail to address the standard of review of the issues before us in violation of Supreme Court Rule 341. “The appellant’s brief shall contain *** a *** statement of the applicable standard of review *** with citation to authority.” 210 Ill. 2d R. 341(h)(3). The appellee’s brief is required to address the standard of review when “the presentation by the appellant is deemed unsatisfactory.” 210 Ill. 2d R. 341 (i). This omission may be explained by the purely legal rulings by the circuit court. The circuit court ruled on the defendant’s motion to quash the search warrant based solely on its review of the sworn complaint for the search warrant. While testimony was heard on the State’s motion for a good-faith finding, no issue is raised regarding the import of the testimony itself. We understand the circuit court to have ruled that good-faith reliance by the executing officers on the search warrant was foreclosed when probable cause to search the defendant’s apartment was wholly lacking. Both rulings are subject to de novo review by this court. People v. Turnage, 162 Ill. 2d 299, 305, 642 N.E.2d 1235 (1994) (“The purely legal question of whether the good-faith exception applies under these facts is a question of law which we review de novo”). When a trial judge rules that the warrant issued for the search of a residence lacks probable cause, the ruling necessarily involves a determination of the sufficiency of the affidavit that differs from the issuing judge’s. In this case, the State appeals the circuit court’s legal rulings on both the sufficiency of the affidavit to support the judicial determination of probable cause and on the officer’s good-faith reliance on the search warrant. Our de novo review of the former centers on the probable cause determination by the issuing judge. See McCarty, 223 Ill. 2d at 153 (a reviewing court must decide “whether the magistrate had a ‘ “substantial basis” ’ for concluding that probable cause existed. [Citation.]”). Our review of a judicial determination of probable cause involves “ ‘great deference’ ” to the issuing judge. Leon, 468 U.S. at 914, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416. That deference is reflected most prominently in close cases. “ ‘[I]n a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall.’ ” Leon, 468 U.S. at 914, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting United States v. Ventresca, 380 U.S. 102, 106, 13 L. Ed. 2d 684, 687, 85 S. Ct. 741, 744 (1965). We keep in mind that we may not substitute our judgment for that of the judge that issued the warrant. People v Smith, 372 Ill. App. 3d 179, 182, 865 N.E.2d 502 (2007). “ ‘[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review.’ ” Smith, 372 Ill. App. 3d at 182, quoting Illinois v. Gates, 462 U.S. 213, 236, 76 L. Ed. 2d 527, 546-47, 103 S. Ct. 2317, 2331 (1983). “Deference to the magistrate, however, is not boundless.” Leon, 468 U.S. at 914, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416. The Leon Court described three situations where no deference to the issuing judge is owed, one of which is pertinent here. “[RJeviewing courts will not defer to a warrant based on an affidavit that does not ‘provide the magistrate with a substantial basis for determining the existence of probable cause.’ ” Leon, 468 U.S. at 915, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting Gates, 462 U.S. at 239, 76 L. Ed. 2d at 549, 103 S. Ct. at 2332. The State presents its challenge to the circuit court’s judgment in two parts: (1) the trial court improperly granted the defendant’s motion to quash the search warrant; and (2) in the event the warrant is defective, the officers acted in good faith in executing the warrant, which precludes the suppression of the evidence seized. See 725 ILCS 5/114 — 12(b)(1), (b)(2)(i) (West 2006). The defendant follows the State’s lead in his analysis of the rulings below. As we determined, the circuit court granted the defendant’s motion to quash and denied the State’s motion for a finding of good faith as matters of law. The ultimate question before us is whether the evidence seized pursuant to the warrant is subject to suppression under the exclusionary rule even if the warrant is defective. The dispositive issue on the application of the exclusionary rule is whether Detective Viscioni could “have harbored an objectively reasonable belief in the existence of probable cause” to search the defendant’s apartment. Leon, 468 U.S. at 926, 82 L. Ed. 2d at 701, 104 S. Ct. at 3422. If belief in the existence of probable cause is not objectively reasonable, then suppression of the evidence seized is an appropriate remedy. Leon, 468 U.S. at 923, 82 L. Ed. 2d at 699, 104 S. Ct. at 3421. Whether an individual can harbor a “reasonable belief of the existence of probable cause” also drives our review of the judicial determination of probable cause in the sworn complaint. The two issues — the constitutionality of the warrant and the application of the good-faith exception — are so intertwined that if Detective Viscioni could not harbor a reasonable belief in the existence of probable cause, then the complaint for a search warrant could not have provided the issuing judge with a “ ‘substantial basis for determining the existence of probable cause.’ ” Leon, 468 U.S. at 915, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting Gates, 462 U.S. at 239, 76 L. Ed. 2d at 549, 103 S. Ct. at 2332. In other words, if the former cannot exist from the perspective of the officer executing the warrant, then under our analysis, it necessarily follows that no substantial basis exists for determining probable cause from the perspective of the issuing judge. If neither the issuing judge nor the executing officer could hold an “objectively reasonable belief in the existence of probable cause,” we will not upset the suppression order of the circuit court below. See Leon, 468 U.S. at 924-25, 82 L. Ed. 2d at 699-700, 104 S. Ct. at 3421 (“Fourth Amendment jurisprudence [allows] reviewing courts to exercise an informed discretion in making [the choice between addressing whether a Fourth Amendment violation has occurred and whether the good-faith exception applies]”); People v. Bohan, 158 Ill. App. 3d 811, 818, 511 N.E.2d 1384 (1987) (suppression is warranted when “the affidavit is so lacking in indicia of probable cause as to render [the issuing judge’s] belief in its existence entirely unreasonable”). It falls to the State “to prove that exclusion of the evidence is not necessary because of the good-faith exception.” Turnage, 162 Ill. 2d at 313. Existence of Probable Cause Ordinarily, determining whether probable cause to search exists is relatively straightforward. It “means simply that the totality of the facts and circumstances within the affiant’s knowledge at [the] time [the warrant is sought] ‘was sufficient to warrant a person of reasonable caution to believe that the law was violated and evidence of it is on the premises to be searched.’ ” McCarty, 223 Ill. 2d at 153, quoting People v. Griffin, 178 Ill. 2d 65, 77, 687 N.E.2d 820 (1997). As made clear by the circuit court’s rulings below, the dispute between the parties centers on Detective Viscioni’s claim that he had probable cause to believe that evidence of the defendant’s unlawful possession of a controlled substance was located in the defendant’s residence. For that determination we look to whether the totality of the circumstances set forth in the affidavit demonstrates “ 1 “there is a fair probability that contraband or evidence of a crime will be found in a particular place.” ’ ” McCarty, 223 Ill. 2d at 153, quoting People v. Hickey, 178 Ill. 2d 256, 285, 687 N.E.2d 910 (1997), quoting Gates, 462 U.S. at 238-39, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332. In this case, the “particular place” to be searched was apartment 2E at 110 Hillside Avenue, Hillside, Illinois. As we noted, this is an unusual case. Two warrants were issued involving the defendant on the same day by the same judge. Based on our review of the record, no question exists regarding the validity of the first search warrant. The complaint filed for the issuance of that warrant revealed that two days earlier, officers of the Hillside police department detained an individual in possession of cocaine who related that he purchased the cocaine from the defendant while the defendant was in his car, an encounter observed by surveillance officers. This encounter was similar to other encounters the defendant had days earlier, also observed by surveillance officers. Based on this evidence, a search warrant for the defendant and his vehicle was sought and properly issued. When the warrant was executed, no contraband was recovered. Following the execution of the warrant, the defendant declined Detective Viscioni’s request for consent to the search of his purported residence. Within two hours of the failed search for drugs of the defendant and his car, Detective Viscioni returned to the same judge that issued the first warrant seeking a second search warrant, this time for the defendant and apartment 2E. The second complaint for a search warrant attached the same six pages from the first complaint for search warrant filed earlier in the day. To the second complaint, a seventh page was added detailing the recovery of the nonillegal items during the execution of the first search warrant. The filings for the second warrant mentioned “apartment #2E” only twice more than in the filings for the first warrant. The additional mention in the complaint for the second search warrant for “apartment #2E” concerned the place to be searched. “Detective Carlo Viscioni *** requests the issuance of a search warrant to search *** the 2nd floor apartment #2E.” The second new appearance of “apartment #2E” occurred in the second search warrant itself: “the 2nd floor apartment #2E which is a brick building containing 6 apartments located at 110 Hillside Ave, Hillside, Cook County, II.” In all other respects regarding the term “apartment #2E,” the second complaint did not differ from the first complaint for a search warrant. Given that the first and second complaints did not differ in the information provided regarding the defendant’s residence, it is inherent in the State’s position on appeal that the initial search warrant could have properly issued for the defendant’s residence as well. Not surprisingly, Detective Viscioni made no such request. Nor are we aware of a published decision where a drug transaction on the street provides probable cause for the search of the drug seller’s residence. Cf. People v. Reed, 202 Ill. App. 3d 760, 764, 559 N.E.2d 1169 (1990) (officer testified that in “16 years on the police force, he had never known of a raid or search *** where members of the general public were searched because they happened to be in a specified public place”). Where a successive warrant is sought before the same judge, a question is raised whether in reviewing the second warrant the “great deference” due to a judicial determination of probable cause should apply the second time around. “Unlike a judicial determination of probable cause, the repetitive nature of a warrant is not a matter in which deference to a judge is expected.” Turnage, 162 Ill. 2d at 304 (citing appellate court decision, 251 Ill. App. 3d at 491). In any event, the requisite deference due to the judicial determination of probable cause in the issuance of the second warrant turns on the information provided in the second complaint that connects the defendant’s criminal activity to his residence. “[Reviewing courts will not defer to a warrant based on an affidavit that does not ‘provide the magistrate with a substantial basis for determining the existence of probable cause.’ ” Leon, 468 U.S. at 915, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting Gates, 462 U.S. at 239, 76 L. Ed. 2d at 549, 103 S. Ct. at 2332. As evidence of the defendant’s criminal activity, the State points to the drug sale by the defendant to Mr. Cox on February 16, 2004. It cannot be contested that the drug sale constituted probable cause of criminal activity by the defendant. But, as we made clear, that information was set out in the first complaint for a search warrant and properly did not trigger a request for a search of the defendant’s residence. To accept a single drug sale conducted from a car by a defendant as probable cause for the search of the defendant’s residence would nullify the rule of law that disavows “hare-bones” affidavits to support the issuance of a search warrant. Cf People v. Hieber, 258 Ill. App. 3d 144, 149-50, 629 N.E.2d 235 (1994) (search warrant properly quashed when information in the supporting affidavit “clearly indicated that illegal activity was afoot at [the residence to be searched],” but that information was provided by two anonymous informants); People v. Damian, 299 Ill. App. 3d 489, 490, 701 N.E.2d 171 (1998) (“John Doe” search warrant quashed when questions raised regarding the reliability of information provided that confidential informant went to the defendant’s address and made a drug purchase where it was doubtful that “John Doe” ever appeared before issuing judge). As the Leon Court made clear, a judicial determination of probable cause for the issuance of a search warrant based on a “hare-bones” affidavit is not entitled to deference by a court of review. “ ‘Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.’ ” Leon, 468 U.S. at 915, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting Gates, 462 U.S. at 239, 76 L. Ed. 2d at 549, 103 S. Ct. at 2332. Nor will a “hare-bones” affidavit provide good-faith cover to an officer executing the search warrant. “Nothing in our opinion suggests, for example, that an officer could obtain a warrant on the basis of a ‘bare bones’ affidavit and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search.” Leon, 468 U.S. at 923 n.24, 82 L. Ed. 2d at 698 n.24, 104 S. Ct. at 3420 n.24; Reed, 202 Ill. App. 3d at 764 (“the good-faith exception does not apply to a search warrant that is based on a ‘bare bones’ affidavit”). This is so because “[a] ‘bare bones’ affidavit lacks the facts and circumstances from which a magistrate judge can independently determine probable cause.” United States v. Restrepo, 994 F.2d 173, 188 (5th Cir. 1993). The State’s contention on appeal that the facts and circumstances set out in the second complaint were sufficient amounts to nothing more than a claim that because probable cause existed that the defendant engaged in at least one drug transaction with Mr. Cox, and the search of the defendant’s person and vehicle turned up no contraband, it was reasonable for Detective Viscioni to believe that the contraband was located elsewhere, that is, in apartment 2E. It would be unprecedented to accept the proposition that a judicial determination of probable cause established by an outdoor drug sale may be shifted to support a successive warrant to search the defendant’s residence. Such a contention would lead inevitably to the predicament based on the “mere commission of a crime” cautioned against by this court: “We are mindful that a future court may improperly attempt to use this opinion as justification for opening up our citizens’ homes upon the mere commission of a crime and an affidavit of a law enforcement officer.” People v. Beck, 306 Ill. App. 3d 172, 180-81, 713 N.E.2d 596 (1999). In Beck, we reversed the circuit court’s ruling quashing the warrant and suppressing the seized evidence in what might be described as a “close case” from the perspective of the trial court. “In granting the motion to quash the search warrant, the circuit court stated that it failed to find any information in the affidavit to indicate the criminal activity had taken place inside any of the residences, only that records of criminality might be kept there. The court also found that much of the collected information about defendant was stale.” Beck, 306 Ill. App. 3d at 177. On de novo review, we disagreed that the information was “stale” because the evidence supported the inference that “the defendant was engaged in a continuing course of criminal conduct.” Beck, 306 Ill. App. 3d at 179. In assessing whether there was a “nexus” between the defendant’s criminal activity and his residences, we noted that the defendant was subject to a joint investigation by state and federal authorities, including the Internal Revenue Service, involving narcotics trafficking and money laundering. Beck, 306 Ill. App. 3d at 174-75. IRS records indicated the defendant had not filed an income tax return since 1993, when he declared an annual earning of about $4,000. Beck, 306 Ill. App. 3d at 176. Two confidential sources provided information that the defendant was involved in gang drug operations and had used aliases to purchase numerous properties in Cook County, which the warrant sought to be searched. Beck, 306 Ill. App. 3d at 176. The affidavit supporting the search warrant averred that “evidence of lack of legitimate income, and other records would be located at these addresses.” Beck, 306 Ill. App. 3d at 177. Based on the joint federal and state investigation into money laundering and drug dealing, we concluded “that the issuing judge drew reasonable inferences when the judge found probable cause here.” Beck, 306 Ill. App. 3d at 179. We concluded that “[t]he affidavit appears sufficient to warrant a person of reasonable caution to believe that the law was violated and evidence of the violation would be located in the premises sought to be searched.” Beck, 306 Ill. App. 3d at 179. The unusual facts of the instant case fall far below the bar set by this court in Beck. To uphold the second warrant in this case would undermine the sanctity of a citizen’s home “upon the mere commission of a crime and an affidavit of a law enforcement officer” warned against by the Beck court. Beck, 306 Ill. App. 3d at 181. More than the commission of a crime on the street while in a vehicle is required to justify opening up the defendant’s home to a search. Where the clear intent of the second warrant was to recover contraband, the sworn complaint for the search warrant must give rise to a reasonable inference that criminal activity was ongoing in the home itself. See People v. Cooke, 299 Ill. App. 3d 273, 279, 701 N.E.2d 526 (1998) (circuit court’s judgment suppressing evidence seized pursuant to a search warrant that resulted in charges of weapons possession by a felon and misdemeanor drug possession was reversed where confidential source observed a “ ‘long gun (shotgun or rifle)’ ” in the defendant’s residence and a handgun carried by the defendant, which made the search warrant at least partially valid). Here, as confirmed by the examination of Detective Viscioni at the good-faith hearing, nothing was ever observed connecting the defendant’s drug activity on the street to the defendant’s apartment. Nor does the State point us to any facts or circumstances set forth in the second complaint for a search warrant from which the issuing judge could independently determine probable cause that evidence of the defendant’s criminal activity was present in his apartment. The absence of a reasonable inference of criminal activity in the defendant’s apartment renders United States v. Pappas, 592 F.3d 799 (7th Cir. 2010), which the State cites as additional authority, inapposite. In Pappas, the court reversed the district court’s order quashing the warrant and suppressing the evidence based on the reviewing court’s assessment that “the affidavit clearly documented evidence establishing that at least eleven images of child pornography had been sent to Pappas’s email account and verifying that Pappas continued to maintain email access (thus indicating continued access to a computer on which child pornography could be stored).” Pappas, 592 F.3d at 802. In the battle of reasonable inferences raised by the facts in the affidavit, the court noted that “an officer could also reasonably believe that the number of email messages containing child pornography sent to Pappas, and the risk inherent in sending even one image of child pornography to anyone other than a willful recipient, was sufficient to establish probable cause for the crime of knowing possession of child pornography.” (Emphasis added.) Pappas, 592 F.3d at 802-03. Ultimately, the Seventh Circuit accepted the government’s argument “that while it may be questionable whether probable cause supported the issuance of the search warrant, the evidence seized and Pappas’s statements are nonetheless admissible under [Leon].” Pappas, 592 F.3d at 801. Though not cited by the State, the summary in Beck of Restrepo, 994 F.2d 173, “the court found probable cause to search a drug dealer’s residence even though the affidavit did not describe any drug activity at the residence,” compels our review. Beck, 306 Ill. App. 3d at 178. In Restrepo, the defendants were charged with, among other offenses, conspiracy “to possess more than five kilograms of cocaine with the intent to distribute it.” Restrepo, 994 F.2d at 176. The affiant, a special agent from the Drug Enforcement Agency, had more than 11 years of experience investigating large drug traffickers. Restrepo, 994 F.2d at 188. The affidavit described shipments of concrete fence posts containing cocaine to a warehouse leased by Restrepo. Restrepo, 994 F.2d at 188. The warehouse evidenced no legitimate business activity or even telephone service. Restrepo, 994 F.2d at 188. Restrepo attempted to conceal his real name in signing bills of lading for shipments to the warehouse and refused to provide either the address of his business or his residence to a post office clerk. Restrepo, 994 F.2d at 188. “The affiant stated that this behavior[, along with other behavior detailed in the opinion,] is consistent with the actions of drug traffickers who do not wish to be identified or associated with given locations or names during the course of unlawful activities.” Restrepo, 994 F.2d at 189. Before the affiant sought the search warrants for the separate residences of the defendants, cocaine had been seized, and other coconspirators had already been detained and had cooperated by making recorded telephone calls to the defendants. Restrepo, 994 F.2d at 180. As in Beck, the search of the Restrepo residence was not for contraband itself, but for records or documentary evidence regarding the smuggling operation. “[The described affidavit] furnished sufficient information to allow the conclusion that a fair probability existed that seizable evidence would be found in Restrepo’s house.” Restrepo, 994 F.2d at 189. Our review of the affidavit supporting the search warrant in Restrepo confirms by contrast that Detective Viscioni’s assertions in the second complaint to support the search of apartment 2E amounted to no more than bare conclusions. That very few cases have upheld the suppression of evidence seized pursuant to a warrant reflects the salient role of deterrence. “[Suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule.” Leon, 468 U.S. at 918, 82 L. Ed. 2d at 695, 104 S. Ct. at 3418. The purpose of the exclusionary rule to deter police misconduct has real application in this case because Detective Viscioni both procured the warrant and executed it with fellow officers. If Detective Viscioni believed he had “probable cause” to search the defendant’s residence based upon the criminal activity of the defendant detailed in the first complaint for a search warrant, he would have sought such a warrant then. See Turnage, 162 Ill. 2d at 309 (lower courts missed the focus of the good-faith doctrine when the courts examined the conduct of the arresting officer “because he did not procure the warrant at issue”). To sanction a successive search warrant within hours of a failed search pursuant to the first warrant, with no additional information provided connecting the defendant’s residence to his criminal activity, will simply provide an incentive to officers to seek an immediate second warrant for the defendant’s home as a fail-back search for contraband without the need to develop facts that give rise to a reasonable inference of criminal activity in the home. Such a process of elimination of places to be searched undermines the express protection to a citizen’s home accorded by the federal and Illinois constitutions. See People v. McPhee, 256 Ill. App. 3d 102, 107-08, 628 N.E.2d 523 (1993), quoting Payton v. New York, 445 U.S. 573, 585, 63 L. Ed. 2d 639, 650, 100 S. Ct. 1371, 1379 (1980), quoting United States v. United States District Court for the Eastern District, 407 U.S. 297, 313, 32 L. Ed. 2d 752, 764, 6 S. Ct. 524, 529 (1972) (“ ‘ “physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed” ’ ”); Turnage, 162 Ill. 2d at 306 (to approve successive arrest warrants “would provide police with a ‘pocket warrant’ *** [for a defendant] already subject to the jurisdiction of a court for the crime charged,” undermining a citizen’s right to bail under the Illinois constitution). A successive search warrant founded on probable cause for the first warrant would approach the “ ‘hated writs of assistance’ ” to allow officers to search for contraband where they please. McPhee, 256 Ill. App. 3d at 108, quoting Payton, 445 U.S. at 583 n.21, 63 L. Ed. 2d at 649 n.21, 100 S. Ct. at 1378 n.21. With no recovery of contraband from the execution of the first warrant and the defendant’s refusal to consent to a search of his residence, Detective Viscioni was left with two choices: continue his investigation for additional information to connect the defendant’s criminal activity with his residence or seek a search warrant of the defendant’s residence where the contraband might be found based on essentially the same information relied on for the first warrant. Detective Viscioni elected to do the latter. The sworn complaint for a second search warrant amounted to no more than a “hare-bones” affidavit, claiming probable cause that evidence of illegal drug dealing by the defendant was located in apartment 2E. No deference is owed to a judicial determination of probable cause based on a “hare-bones” affidavit; nor will a “hare-bones” affidavit preclude the suppression of seized evidence based on the good-faith doctrine. This is not a close case on probable cause to search a residence. See Hieber, 258 Ill. App. 3d at 151 (“In the present matter, we are not met with a close question of probable cause”). CONCLUSION The second warrant, executed within two hours after no contraband was recovered from the defendant or his car following the execution of the first warrant, was supported by no more than a “hare-bones” affidavit that probable cause existed for the search of the defendant’s apartment. The judge erred in issuing the second search warrant for the defendant’s residence and the good-faith doctrine does not apply to the executing officer when neither the judge nor the officer could have held an objectively reasonable belief in the existence of probable cause to search the defendant’s apartment. The circuit court properly quashed the search warrant and suppressed the evidence. Affirmed. PATTI, J., concurs.