THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BAUER *et al.*, Defendants-Appellants.

Second District    Nos. 80-717, 80-888 cons.

Opinion filed December 2, 1981.

32

Frank P. Vella, Jr., P. C., of Rockford, and Randolph G. Cook, of Cook Law Offices, of Loves Park, for appellants.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendants David Bauer and Brenda Merryman bring this consolidated appeal from their convictions for violation of section 4(e) of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, par. 704(e)).

On November 1, 1979, Winnebago County Deputy Sheriff Richard McMann obtained a warrant to search a premises located at 1024 Oakley Avenue, in Winnebago County, Illinois. Deputy McMann executed a search of the premises located at 1024 Oakley Avenue, Rockford, in Winnebago County, Illinois, and seized numerous items, including items which the State later introduced into evidence at the defendants' trials.

Prior to the trials, the defendants filed a motion to suppress evidence seized during the search on the basis that the search warrant was improperly issued. The motion was denied by the trial court. On July 15, 1980, the defendants were convicted of violating the Cannabis Control Act. In their motion to suppress and on appeal, the defendants challenge the validity of the search warrant on the grounds that the warrant did not sufficiently describe the premises to be searched, and that the facts contained in the complaint and supporting affidavit were insufficient to establish probable cause to search the premises. We disagree.

The sworn complaint presented to the issuing judge requested a warrant to search for narcotics and controlled substances at a one-family dwelling which was gray with red trim and located at 1024 Oakley, Winnebago County, Illinois. Affixed to the complaint was Deputy McMann's affidavit which stated:

"(1) That I am a sworn Officer of the Winnebago County Sheriff's Police, and have worked as a narcotics investigator for the past 12 years.

(2) That within the past four (4) days, I was contacted by a reliable informant that has made narcotic buys or given information that has led to the arrest and conviction of over ten (10) persons for narcotic violations. Above informants [sic] information has always been correct.

(3) That the above informant advised me that he has been to a lo-

cation [*sic*] at 1024 Oakley Avenue on different occasions. The last time being within the past 4 days. The above informant states that on every occasion he has seen a person by the name of Dave, selling drugs and has seen quantity of drugs in this residence.

(4) That the city directory for 1979 shows a David Bauer living at 1024 Oakley Avenue.

(5) That I talked to a concerned citizen whose reliability is unknown and he advised me that there is always alot of traffic coming and going to this residence, staying a short time and leaving. The concerned citizen saw a person put a plastic bag into his pocket while leaving.

(6) That 1024 Oakley Avenue is a one family dwelling, grey in color with red trim on top, located on the West side of Oakley. This location is within the State of Illinois, County of Winnebago, City of Rockford."

■■ The defendants first contend that the warrant and the complaint for the warrant are insufficient as a matter of law in that neither document indicates in what city, town or village 1024 Oakley Avenue is located. In support of this contention defendants note that sections 108—3 and 108—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, pars. 108—3 and 108—7) require that the complaint and warrant particularly describe the place to be searched. In *People v. Fragoso* (1979), 68 Ill. App. 3d 428, 432, the court discussed this requirement:

"The purpose of the requirement of particularity of description in search warrants is to prevent the use of general warrants, which would give the police broad discretion as to where they may search and what they may seize. [Citations.] Given this reason for the requirement, our courts have determined that a warrant is sufficiently descriptive of the premises to be searched if it enables the police, with reasonable effort, to identify the place intended. [Citations.]"

■■ Under *Fragoso*, the defendants have the burden of establishing that, in view of all of the relevant facts, the lack of particularity in the description of the premises operated to cause ambiguity or confusion. (68 Ill. App. 3d 428, 433.) Errors in addresses and indeed omissions as to portions of addresses are not *per se* fatal to the validity of a warrant. (68 Ill. App. 3d 428, 432.) Additionally, reference to the affidavit attached to the warrant is permissible in determining the validity of the warrant. (68 Ill. App. 3d 428, 433.) While neither the complaint for the warrant, nor the warrant itself makes any reference to the city in which the subject premises is located, the affidavit recites that the 1024 Oakley Avenue residence is located in Rockford, Illinois.

■■ In the complaint and in the warrant, the dwelling to be searched was

located in Winnebago County, Illinois. Both documents stated that the dwelling was located at 1024 Oakley Avenue on the west side of the street, and that the structure was a one-family dwelling, grey in color with red trim. The sworn affidavit, which was attached to the complaint for the warrant and incorporated by reference thereto, gave an identical description of the premises to be searched, and located the dwelling in the City of Rockford. The defendants have not introduced any evidence to establish the existence of any one-family, gray with red trim dwelling located in Winnebago County other than the Rockford dwelling which was occupied by the defendant and was searched by Deputy McMann. Under these circumstances, we have determined that the absence of the designation of the city on the warrant itself was a technical deficiency which created no reasonable possibility of confusion and, therefore, it is not a proper basis for quashing the warrant.

The defendants next contend that the affidavit in support of the search warrant was insufficient to establish probable cause for the issuance of the warrant in that it failed to establish the informant's reliability and credibility, and it failed to adequately establish the underlying circumstances from which the informant concluded that evidence of a crime could be found in the place to be searched.

■■ ■ The complaint and affidavit of a police officer made for the purpose of securing the issuance of a search warrant need not be made on personal knowledge only. (*Jones v. United States* (1960), 362 U.S. 257, 269, 4 L. Ed. 2d 697, 707, 80 S. Ct. 725, 735.) Here, the warrant is based on the hearsay statements of an informant and not on the personal observation of the officer seeking the warrant. If the affidavit in support of the warrant is based on hearsay, the affidavit must meet the two-prong test set out in *Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514. The first part of this test is often referred to as the "basis of knowledge prong," and the second part as the "veracity prong." *People v. Gates* (1981), 85 Ill. 2d 376, 382-83.

We turn first to the question of whether the affidavit in support of the complaint satisfies the "veracity prong" by alleging sufficient facts to establish the reliability or credibility of the informant.

In paragraph (2) of the affidavit, the police officer states that "within the past four (4) days, I was contacted by a reliable informant that has made narcotic buys or given information that has led to the arrest and conviction of over ten (10) persons for narcotic violations. Above informants [*sic*] information has always been correct." The defendants claim that this description was insufficient to apprise the magistrate of the reliability of the informant in that it did not provide specific information regarding: when the information had been provided to the police; to whom the information had been provided; the nature of the information;

the cases in which the information has been used; or whether the information had ever been provided to the affiant officer, or other sheriff's office personnel.

■■ In *People v. Thomas* (1975), 62 Ill. 2d 375, 381, the Illinois Supreme Court stated that affidavits in support of search warrants are to be tested and interpreted in a common sense and realistic fashion rather than a hypertechnical one. The affidavit here describes how the informer's previous information has proved accurate and reliable; namely, that he has supplied information on previous occasions, and that this information has been correct and has led to the arrest and conviction of over ten persons. Thus, there is sufficient factual basis to lend credence to the informant's statement (see *People v. Thomas* (1975), 62 Ill. 2d 375, 381). As in *Thomas*, "the affidavit was not as precise, complete or detailed as it might have been, but the available time and the circumstances surrounding the preparation and execution of such affidavits are seldom compatible with deliberate reflection or exhaustive statements of detail. Their omission here does not, as urged by defendant, constitute a fatal defect." 62 Ill. 2d 375, 381.

■■ Next, we address the question of whether the affidavit in support of the warrant alleges sufficient facts to satisfy the "basis of knowledge" prong announced in *Aguilar*. The Illinois Supreme Court recently stated:

"[T]he 'basis of knowledge' part of the test announced in *Aguilar*, is concerned with the facts and circumstances showing that the informant knew that the person named has been or will be involved in criminal conduct. *The most common means of satisfying this requirement is by the informant's declaration that he is revealing personal knowledge gathered through some physical sensory faculty such as that of sight, smell or sound.* [Citation.] Statements containing mere conclusions of criminal activity without a statement regarding independent facts and personal observations do not provide a sufficient basis for a neutral magistrate to decide to issue a search warrant." (Emphasis added.) (*People v. Gates* (1981), 85 Ill. 2d 376, 383-84.)

In *Gates*, the search warrant was based upon information contained in an anonymous, handwritten letter received by the Bloomingdale Police Department. The letter alleged, in substance, that the defendants made their living by selling drugs; that one of the defendants drives their car to Florida, where it is loaded with drugs, and the other defendant drives it back; and that the defendants were planning to travel to Florida in a few days for the purpose of obtaining illegal drugs. The letter further stated that when the defendants drive the car back from Florida, the trunk will be loaded with over $100,000 in drugs; and that the defendants had

$100,000 worth of drugs in their basement. The supreme court held that the affidavit did not meet the *Aguilar* test, in that the affidavit did not contain any statements showing that the information was acquired through first-hand or personal knowledge of the informant.

Unlike *Gates*, in the case at bar, the "basis of knowledge" prong of the *Aguilar* test was satisfied by the most common means: a positive statement of the informant's personal observation. The informant stated that he had been at the location at 1024 Oakley Avenue on different occasions; that the last time was within the past four days; that on every occasion he has observed a person by the name of Dave selling drugs; and that he has seen quantities of drugs at this residence. Such information coming from a reliable and credible informant and based on his personal knowledge gathered through the sense of sight constitutes a sufficient basis upon which the issuing judge may make a determination of probable cause.

The defendants further contend that the affidavit is insufficient in that it fails to allege the particular properties which led the informant to conclude that the substance he observed on the premises was an illegal drug.

The determination of whether there is probable cause to support a search warrant requires a pragmatic analysis of everyday life on which reasonable and prudent men, not legal technicians, act. (See *People v. Blitz* (1977), 68 Ill. 2d 287, 292.) Affidavits should not be found deficient through a hypertechnical scrutiny. *United States v. Ventresca* (1965), 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746.

■■ Here, the affidavit indicated that on several occasions, the informant was inside the subject premises and he directly observed a quantity of drugs. He also observed a man named Dave selling drugs. From the facts averred in the affidavit, the issuing judge could have inferred that the reliable, confidential informant was familiar with controlled substances. Unlike *People v. Davenport* (1974), 19 Ill. App. 3d 426, cited by the defendants, there is no indication that the informant's conclusion was based on conjecture. Therefore, the judge's issuance of the warrant in reliance on these statements of personal observation by the reliable informant is justified (see *People v. Curry* (1980), 84 Ill. App. 3d 256, 259).

■■ To support the issuance of a search warrant, facts must be related which would cause a reasonable man to believe that a crime had been committed and that evidence of the crime was in the place to be searched (*People v. Smith* (1979), 72 Ill. App. 3d 956, 962), and the court must interpret and test the supporting affidavit in a common sense and realistic fashion (*People v. Thomas* (1975), 62 Ill. 2d 375, 381). Interpreting the reliable informant's statements in a realistic, common sense fashion, we

conclude that the issuing judge was given sufficient facts from which he could make a determination of probable cause and the trial court did not err in refusing to quash the warrant.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

SEIDENFELD, P. J., and HOPF, J., concur.