THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL POWLESS, Defendant-Appellant.

Second District   No. 2—89—0994

Opinion filed July 13, 1990.

James D. Sparkman, of Vella, Sparkman & Altamore, P.C., of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a bench trial, defendant, Michael Powless, appeals from the trial court's denial of his motion to suppress evidence. On appeal, defendant contends that the trial court should have granted his motion because the underlying search warrant authorized a search at a nonexistent address and the police improperly obtained telephonic approval from the issuing judge to search an address not included on the warrant. We affirm.

Defendant was arrested at 2845 Tenth Street, Rockford, Illinois, and charged with possession with intent to deliver 15 grams or more of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). Defendant subsequently sought to suppress the evidence seized in the search of his house, claiming that the complaint for the search warrant was defective on its face and the warrant itself was issued without probable cause.

The record of the suppression hearing reveals the following facts. Detective Kenneth Woolbright of the Rochelle police department testified that on June 8, 1988, he obtained a warrant to search a house in Rockford, Illinois, based on information from an anonymous informant. The informant described the residence and its location, and Lieutenant Wilkinson, also of the Rochelle police department, went to Rockford that day and verified the informant's description. Woolbright testified that an assistant State's Attorney directed the preparation of the informant's affidavit. Woolbright stated that he told the assistant State's Attorney that the location to be searched was a tan house with dark brown trim with an unattached garage, with the number 2845 on the garage. Woolbright also stated that he told the attorney that the house was located at the intersection of Reed and Tenth avenues or streets in Rockford, Illinois. Woolbright testified that Lieutenant Wilkinson had supplied the actual number on the garage and the street names but that the information had been discussed with the informant. The assistant State's Attorney, along with the informant, appeared before Judge Moore, and the search warrant was issued.

Detective Woolbright and another officer then went to Rockford

to execute the warrant. The informant accompanied them to the Rockford Public Safety Building, where Officer Dominic Iasparro of the Rockford police department informed Woolbright of a problem with the address on the warrant. Iasparro stated that he had driven by the location with Wilkinson and discovered that, although the house faced Reed Avenue, not Reed Street, the actual address of the house was 2845 Tenth Street. Iasparro testified that the Rochelle police knew which house they were interested in searching but had some confusion over the actual address of the residence. He indicated that there were no other houses at that specific location fitting the description, stating, "[i]t was clear from the description *** that they had the right house but there was confusion on the exact address of the house."

Detective Woolbright telephoned Assistant State's Attorney Doug Floski who, in turn, called Judge Moore. Floski testified that he anticipated that the judge would tell him to instruct the police officers to amend the face of the warrant to reflect the proper address. Instead, Floski stated that the judge believed the description of the premises was sufficient and that no change was necessary. Floski relayed this information to Woolbright and told him to proceed with the warrant's execution. Floski testified that it was clear to him that Detective Woolbright knew which house the warrant was directed to and that the concern was not over which house to search, but rather over that house's correct address.

The police officers proceeded with the execution of the warrant, and defendant was arrested at the house and charged as stated above. Following the parties' presentation of testimony, evidence and lengthy argument, the trial court stated:

"The affidavit described the premises. It's the residence of Michael Powless, it's a tan, single family wood frame dwelling with dark brown trim with an unattached garage with the number 2845 on the garage at the address 2845 Reed Street, Rockford, Illinois. The 2845 Reed Street is incorrect but there was only one place that's described here, and that's the place that the officers searched.
***

It wasn't four different places. *** There's only one place, from all the testimony that I heard. The officers were sent to search a certain place and they searched that place."

The court concluded that the police officers' indirect communication with the judge who issued this search warrant was not improper because there was no mistake about the premises to be searched; there-

fore, the trial court denied defendant's motion to suppress the evidence seized during the search of defendant's house.

Defendant subsequently filed a motion to reconsider and again presented exhaustive argument. The trial court reiterated the contents of the affidavit which described the house to be searched and again concluded that there was only one house meeting the description contained in the affidavit. The trial court ordered that its prior ruling would stand.

Following a bench trial, the court found defendant guilty of violating section 401(a)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). Prior to sentencing defendant, the court considered defendant's timely post-trial motion in which defendant sought a judgment of acquittal or, alternatively, a new trial. Defendant's arguments in support of this motion again centered on the alleged inadequacy of the search warrant due to the incorrect address. The trial court denied defendant's motion and sentenced him to eight years' imprisonment.

The trial court denied defendant's motion to reconsider its ruling on defendant's post-trial motion, and this appeal followed. The issue, which defendant has diligently preserved for appeal, is whether the trial court properly refused to suppress evidence obtained by police officers, who executed a search warrant containing an incorrect address.

■ It is a statutory requirement and a constitutional mandate that a search warrant must be supported by a sworn statement which describes with particularity the place to be searched and the persons or things to be seized. (Ill. Rev. Stat. 1987, ch. 38, par. 108—3(a); U.S. Const., amend. IV; Ill. Const. 1970, art. I, §6.) As we have previously noted, the particularity requirement prevents the issuance of general warrants " 'which would give the police broad discretion as to where they may search and what they may seize.' " (*People v. Bauer* (1981), 102 Ill. App. 3d 31, 34, quoting *People v. Fragoso* (1979), 68 Ill. App. 3d 428, 432.) Thus, our supreme court has held that a search warrant's description is sufficient "if it enables the officer, with reasonable effort, to identify the place [to be searched]." *People v. Watson* (1962), 26 Ill. 2d 203, 206.

The *Watson* court considered a warrant which authorized a search of an apartment in the building located at 2300 South State Street in Chicago. There was no building with that address. Rather, the building which was the object of the search was located at 2310 South State Street. The court stated:

"If the property is sufficiently recognizable from the descrip-

tion to enable the officer to locate the premises with definiteness and certainty, it is adequate. \*\*\* The constitutional safeguard is designed to require a description which particularly points to a definitely ascertainable place so as to exclude all others. Application of these common sense rules to the case at bar clearly demonstrates the adequacy of the warrant which referred to '2300 S. State St.' \*\*\* The fact that the building extended southward from the corner, and that the entrance was some distance south of the corner and therefore numbered '2310' is of no consequence in view of the other identifying factors which removed any doubt or ambiguity from the description." (26 Ill. 2d at 206.)

The *Watson* court concluded that the search was proper and the evidence seized therein was admissible. 26 Ill. 2d at 206.

■ Following *Watson*, the appellate court has held, on several occasions, that errors or omissions in addresses are not *per se* fatal defects in a search warrant. (*People v. Kilfoy* (1984), 122 Ill. App. 3d 276, 282; *Bauer*, 102 Ill. App. 3d at 34; *Fragoso*, 68 Ill. App. 3d at 432.) Indeed, section 108—14 of the Code of Criminal Procedure of 1963 provides, "[n]o warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." (Ill. Rev. Stat. 1987, ch. 38, par. 108—14.) Thus, a defendant challenging the sufficiency of a search warrant bears the burden of demonstrating that, under the circumstances of the case, such errors or omissions created or could create confusion or ambiguity for the officers attempting to execute the warrant. *Kilfoy*, 122 Ill. App. 3d at 283; see also *Fragoso*, 68 Ill. App. 3d at 433.

In *Kilfoy*, the search warrant at issue specified that the house to be searched was located at 4008 Cherry Valley Road, Crystal Lake, McHenry County, Illinois. The house was actually located in unincorporated McHenry County and its mailing address was in fact 4008 Cherry Valley Road, Woodstock, Illinois. The appellate court affirmed the denial of the defendants' motion to suppress the evidence seized in the search, noting that a trial court's ruling on a motion to suppress is not to be disturbed unless the ruling is clearly erroneous. (*Kilfoy*, 122 Ill. App. 3d at 283.) The *Kilfoy* court observed that, based on the facts before it, there was only one Cherry Valley Road in McHenry County and the area where the house to be searched was located used three different mailing addresses, one of which was Crystal Lake. The court also noted the existence of other factors which served to identify the house as the correct location to be searched. 122 Ill. App. 3d at 283; see also *Bauer*, 102 Ill. App. 3d at

34 (name of the city omitted); *Fragoso*, 68 Ill. App. 3d at 431-32 (name of city, county and State omitted).

In each of the cases discussed above, the appellate court held that, in view of the circumstances presented, the error or omission in the address constituted no more than a technical deficiency which neither caused confusion nor prevented the officers attempting to execute the search warrant from locating "with particularity and precision the place to be searched." *Fragoso*, 68 Ill. App. 3d at 436.

The present case presents a situation nearly identical to that presented in *Kilfoy* and *Watson*. Here, as there, the police officers knew which building they intended to search, and there were no other buildings in the area which matched the description given in the search warrant. Defendant has failed to establish that another single-family house and detached garage of the same color and construction with the numbers "2845" on the garage exists anywhere else in Rockford. As Officer Iasparro testified, it was clear that the Rochelle police had located and identified the correct house to be searched. Confusion arose only concerning the exact address of the house. Iasparro's testimony further demonstrates that the confusion over whether the house's address was Reed Avenue or Tenth Street was understandable and the mistake was easy to make.

In spite of the mistaken address, there was no evidence that the officers who executed the warrant at issue had any doubt or exercised any discretion concerning the premises they were authorized to search. There was, however, considerable evidence of other factors contained in the warrant which served to identify the house. Under these circumstances, we hold that the incorrect address on the warrant constituted a technical defect which created no reasonable possibility of confusion. Thus, the trial court properly rejected defendant's motion to suppress in this case.

In holding as we do, we reject defendant's contention that the police officers improperly attempted to communicate with the judge who issued the warrant and obtained telephonic approval to execute the warrant. Defendant relies on *People v. Trantham* (1977), 55 Ill. App. 3d 720, and *People v. West* (1977), 48 Ill. App. 3d 132. Both of these cases dealt with the actual alteration of the face of the search warrant containing an incorrect address in factual situations quite dissimilar from that presented here. In *Trantham*, the premises to be searched was one of several apartments located in a single building, and the warrant specified an incorrect apartment number. (*Trantham*, 55 Ill. App. 3d at 722-23.) In *West*, the defendant and another unrelated person had identical names and lived exactly one block apart on

the same street. (*West*, 48 Ill. App. 3d at 135.) We determine that these decisions have no applicability here.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

*Affirmed.*

REINHARD and DUNN, JJ., concur.