THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIE G. MABRY, Defendant-Appellee.

Second District   No. 2—97—1278

Opinion filed April 14, 1999.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kim D. Campbell, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Willie G. Mabry, was indicted on four criminal charges after a search conducted under the purported authority of a search

warrant produced evidence of criminal activity. Defendant filed a motion to suppress the evidence, arguing that the warrant was invalid under the fourth amendment (U.S. Const., amend. IV). The trial court granted that motion, and the State appeals. We affirm.

After conducting an investigation, an Elgin police inspector believed that defendant was selling cocaine at a particular apartment in a multiunit building located at 443 Jefferson Street. According to a confidential source, this apartment was defendant's residence. The police inspector prepared a complaint for a search warrant and supporting affidavit. Her complaint and affidavit, taken together, requested the issuance of a warrant to search defendant and his suspected residence for, *inter alia*, materials relating to the use, purchase, sale, or distribution of cocaine. The accurate address and a thorough physical description of the suspected apartment were provided in both documents.

A search warrant was prepared and submitted, along with the complaint and affidavit, to a judge for issuance. At the top of the warrant form was a caption containing the names of the trial court and the parties. After defendant's name, the form provided his gender, race, and date of birth; the address, "443 Jefferson"; and the physical description of the apartment. Next appeared the heading "SEARCH WARRANT" and the following, in relevant part:

"Upon examination of the complaint I find that it states fact [*sic*] sufficient to show probable cause and I therefore command that the person of Willie Gene Mabry, Elgin, Kane County, Illinois, the person executing the warrant is ordered to make entry and announcing the office and to search the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Unlawful Possession of a Controlled Substance seized therefrom ***."

The warrant then listed various materials relating to the use, purchase, sale, or distribution of cocaine, and "any and all documents showing occupancy of said premise."

The warrant was issued on September 19, 1996, at 9:28 p.m. and executed the following day. The inspector who prepared the complaint and affidavit provided the executing officers with a copy of the warrant attached to those documents. The inspector then watched from across the street as those officers performed a search of defendant's alleged residence. The search produced evidence of criminal activity. Defendant was subsequently indicted on charges of (1) unlawful possession of weapons by a felon (720 ILCS 5/24—1.1(a) (West 1996)); (2) possession of firearm ammunition without a requisite firearm owner's identification card (430 ILCS 65/2(a)(2) (West 1996)); (3) unlawful pos-

session of drug paraphernalia (720 ILCS 600/3.5(a) (West 1996)); and (4) unlawful possession of cannabis (720 ILCS 550/4(a) (West 1996)).

Defendant moved to suppress the evidence obtained during the search, alleging that the warrant did not define the object(s) of the authorized search with enough specificity to comply with the fourth amendment. The trial court granted defendant's motion, and the State timely appealed to this court.

We must first address the standard of review governing this appeal. The State argues that no factual disputes are present in this case and that, therefore, the trial court's decision to quash the warrant is subject to *de novo* review. Defendant contends that the ruling can be reversed only if it is clearly erroneous.

■ According to recent case law, an analysis of a trial court's decision to suppress evidence must be conducted in two steps. First, any findings of fact by the trial court are left undisturbed on appeal unless clearly erroneous or against the manifest weight of the evidence. *People v. Gonzalez*, 184 Ill. 2d 402, 411-12 (1998). The reviewing court must then apply *de novo* review to the legal determination of whether the evidence should be suppressed. *Gonzalez*, 184 Ill. 2d at 412. In the present case, the trial court did not rely on any factual findings in making its decision; it simply examined the warrant and determined its facial validity under the applicable law. Thus, we need not conduct the first step in the analysis and will evaluate the court's decision *de novo*. See *Gonzalez*, 184 Ill. 2d at 412. Because we agree with the trial court's reading and application of the law, we affirm.

■ The fourth amendment generally prohibits warrantless searches of a home. U.S. Const., amend. IV; *Illinois v. Rodriguez*, 497 U.S. 177, 181, 111 L. Ed. 2d 148, 156, 110 S. Ct. 2793, 2797 (1990). To be valid, a search warrant must particularly describe the person or place to be searched and the items to be seized. 725 ILCS 5/108—7 (West 1996); *People v. McPhee*, 256 Ill. App. 3d 102, 108 (1993). The purpose of this requirement is to prevent the use of general warrants that would give police broad discretion as to where to search and what to seize. *People v. Kilfoy*, 122 Ill. App. 3d 276, 283 (1984). Therefore, the test for the sufficiency of a description in a search warrant is whether it leaves the executing officer no doubt and no discretion as to the person or premises to be searched. *People v. Velez*, 204 Ill. App. 3d 318, 328 (1990).

■ The courts of Illinois have often been called upon to rule on the validity of warrants with imperfect descriptions. Generally, an otherwise valid warrant will not be quashed due to technical errors not affecting the substantial rights of a defendant. 725 ILCS 5/108—14 (West 1996); *People v. Ross*, 267 Ill. App. 3d 711, 716 (1994). We have

noted that errors or omissions in addresses are not *per se* fatal to the validity of a search warrant. *People v. Bauer*, 102 Ill. App. 3d 31, 34 (1981). A warrant must simply identify the place to be searched to the exclusion of all others. *People v. Thomas*, 70 Ill. App. 3d 459, 461 (1979). At the very least, it must enable the police, with reasonable effort, to identify the place intended. *People v. Powless*, 199 Ill. App. 3d 952, 955 (1990). With these rules as guidance, we turn to the warrant in the present case.

The State concedes that the command section of the warrant issued in this case is incomplete. Read alone, it does not provide explicit authorization to search a residence, nor does it give a particular address of a residence to be searched. Moreover, the warrant fails to contain a description of defendant and fails to specify whether defendant is to be searched. The list of items to be seized is satisfactorily precise, and it does refer to "said premise," but no indication of which premise is referenced. If the command section of this warrant stood alone, the warrant would undoubtedly fail to satisfy the specificity requirements of the fourth amendment.

The State urges us, however, to construe these errors as merely technical. It points out that the caption at the top of the warrant form contained descriptions of defendant and his suspected residence. It also notes that the attached complaint and affidavit clearly requested a warrant to search both defendant and that residence. As a result, the State concludes, neither the issuing judge nor the executing officers could have had any doubt about defendant's suspected residence and the fact that this warrant authorized a search of it. In effect, the State asks us to incorporate the caption and the supporting documents into the command section of the warrant to allow the warrant to comply with the fourth amendment's specificity rules.

The cases cited by the State do not support that result in this case. In *Powless*, a warrant authorized a search of a residence whose address was "2845 Reed Street, Rockford." *Powless*, 199 Ill. App. 3d at 953. The warrant also contained a detailed and correct physical description of the house. In fact, however, the house faced Reed Avenue, not Reed Street, and had an address of 2845 Tenth Street, which crossed Reed Avenue at the site of the house. We concluded that, given the physical description of the house in the warrant and the fact that a house bearing that description faced a road named "Reed," the executing officers could have had no doubt or discretion concerning which house was to be searched. *Powless*, 199 Ill. App. 3d at 957. On that basis we affirmed the trial court's refusal to suppress the evidence resulting from the search. *Powless*, 199 Ill. App. 3d at 957.

Similarly, in *Kilfoy*, a warrant specified that the house to be

searched was located at 4008 Cherry Valley Road, Crystal Lake, whereas the actual address of the house was 4008 Cherry Valley Road, Woodstock. *Kilfoy*, 122 Ill. App. 3d at 278. We held that, because there was only one road with that name in the county that contained both cities, and because the area including the house in question used the Crystal Lake address to receive mail, no probability of confusion existed regarding the location of the house to be searched. *Kilfoy*, 122 Ill. App. 3d at 283. Again, we affirmed the trial court's denial of a motion to suppress evidence found in the search. *Kilfoy*, 122 Ill. App. 3d at 283-84.

In *People v. Collins*, 45 Ill. App. 3d 544 (1977), a warrant stated the correct address of the building in which the defendant lived but failed to specify which of the two apartments within the building was to be searched. We held that this omission did not raise enough doubt to render the search unreasonable under the fourth amendment. *Collins*, 45 Ill. App. 3d at 549-50.

Finally, in *People v. Fragoso*, 68 Ill. App. 3d 428 (1979), the appellate court explicitly allowed reference to a supporting affidavit to cure errors in a search warrant. In *Fragoso*, a warrant authorized a search of a residence at "3445 W. Diversy [*sic*]" without specifying the county or city in which that residence was located. The supporting affidavit, however, made it absolutely clear that the address referred to the residence at 3445 West Diversey in Chicago. The *Fragoso* court held that information in the affidavit may be used to clarify the description in the warrant "where the affidavit is attached to the warrant, incorporated by reference, or *** where the officer who signed and swore to the affidavit also executed the search warrant." *Fragoso*, 68 Ill. App. 3d at 433. Because one of those conditions was satisfied, the reviewing court incorporated the affidavit and found that the warrant was valid.

All of these cases are distinguishable from the case at bar in significant ways. In each case, the approved warrant contained, at a minimum, a clear command to search a particular address. Each address was in some way incorrect or incomplete, but clearly a police officer, with reasonable effort, could identify the place to be searched without any danger of converting the warrant into a general, discretionary order.

■ Here, by contrast, the command section of the warrant did not contain an address, even an incorrect address, nor did it expressly incorporate any address outside it. More significant, the warrant failed to specify whether it authorized a search of a residence, a person, or both. Thus, the State is not asking us to allow reference to external documents to alleviate a technical error in a given address, as in *Fragoso*. The State instead urges that we use the mere fact that the police

requested a warrant to search a particular residence to infer that the issuing judge found probable cause to authorize a search of that residence, despite the sheer absence of any language to that effect in the warrant itself. This we will not do. A valid warrant must express what the issuing judge found probable cause to search. If a person, it must particularly describe that person. 725 ILCS 5/108—7 (West 1996). If a residence, it must particularly describe that residence. 725 ILCS 5/108—7 (West 1996). If gaps in those descriptions exist, or if an external description is incorporated, reference to supporting documents reasonably may be used to fill them if *Fragoso* so allows. However, such reference may not be used to insert the very identity of the person or place of the authorized search where the warrant provides no description at all.

For the same reason, we decline to incorporate the description of the residence in the caption of the warrant form into the command section. The presence of that description does not automatically lead to the conclusion that the issuing judge found probable cause to search those premises. Although the command section of the warrant mentions "said premise," no nexus between that statement and the caption is referenced. Even if such a reference was expressed, it would still be unclear whether the issuing judge found probable cause to search for the listed items at the residence itself, on the person of defendant, or both. We conclude that the warrant is simply not precise enough to comply with the requirements of the fourth amendment.

The State alternatively contends that, even if we find this warrant to be invalid, the evidence collected during the search should not be suppressed because of the "good faith exception" to the exclusionary rule. The United States Supreme Court has held that evidence should not be suppressed when a warrant issued by a detached and neutral magistrate is later determined to be invalid, as long as the executing officer acted in objectively reasonable reliance upon it. *Massachusetts v. Sheppard*, 468 U.S. 981, 987-88, 82 L. Ed. 2d 737, 743, 104 S. Ct. 3424, 3427 (1984); see also *United States v. Leon*, 468 U.S. 897, 913, 82 L. Ed. 2d 677, 692, 104 S. Ct. 3405, 3415 (1984); *People v. Turnage*, 162 Ill. 2d 299, 306 (1994) (adopting *Leon*). However, the Court has also stated that the exception does not apply in every case. For example, suppression is still appropriate where a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923, 82 L. Ed. 2d at 699, 104 S. Ct. at 3421. We believe that this is such a case. This warrant's failure to indicate the scope of the authorized search with any reasonable clarity is such a fundamental defect that the executing

officers' reliance upon it was not objectively reasonable. Therefore, the suppression of the resulting evidence remains appropriate.

The *Leon* Court also stated that the "good faith exception" should not be applied where the issuing magistrate "wholly abandoned [her or] his judicial role." *Leon*, 468 U.S. at 923, 82 L. Ed. 2d at 699, 104 S. Ct. at 3421. If the magistrate failed to " 'manifest that neutrality and detachment demanded of a judicial officer' " and acted instead as " 'an adjunct law enforcement officer,' " an executing officer's reliance on the resulting warrant cannot be objectively reasonable and the evidence must still be suppressed. *Leon*, 468 U.S. at 914, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416, quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326-27, 60 L. Ed. 2d 920, 928-29, 99 S. Ct. 2319, 2325 (1979).

In this case, we agree with the trial court that, if the issuing judge intended to grant authority to perform the search conducted here, as the State maintains, he must not have read the warrant he signed with due care. The State points out that this warrant was presented for issuance late in the day, but imperfect circumstances do not excuse a judge's obligation to ensure that the document to be signed complies with basic fourth amendment requirements. The fact that this warrant was issued despite its failure to provide a minimally clear mandate indicates that the issuing judge abandoned his neutral role and signed what was placed before him without proper examination. Again, the result is that the executing officers' reliance on this warrant was not objectively reasonable and the "good faith exception" does not apply. See *Leon*, 468 U.S. at 914, 82 L. Ed. 2d at 693, 104 S. Ct. at 3416.

The State cites a federal case, *United States v. Maxwell*, 920 F.2d 1028 (D.C. Cir. 1990), in which the "good faith exception" was applied to preserve evidence obtained during a search conducted pursuant to a warrant lacking sufficient specificity. However, unlike the warrant here, the warrant in *Maxwell* expressly incorporated an address that was attached to the application for the warrant. Indeed, the warrant in *Maxwell* was not defective because of a failure to describe fully what was to be searched, but because the statement of things to be seized, also incorporated by reference, was simply too general and too broad. *Maxwell*, 920 F.2d at 1033.

In *United States v. Curry*, 911 F.2d 72 (8th Cir. 1990), another federal case cited by the State, a warrant omitted the entire address of the place to be searched and was declared invalid. However, the "good faith exception" was applied because the warrant clearly indicated that it authorized a search of a residence, and the executing officers were found to have acted in good faith in believing that the residence intended was the one for which the warrant was requested. *Curry*, 911 F.2d at 78.

Both *Maxwell* and *Curry* are distinguishable from the case at bar. In each case, the "good faith exception" was utilized to preserve evidence discovered with a search warrant that at least authorized a search of a particular object, *i.e.*, a residence. As we have stated, the warrant here had a much more fundamental defect in that it failed to indicate, by incorporation or otherwise, whether it authorized a search of a person, a residence, or both. We find that defect to be so severe that the "good faith exception" to the exclusionary rule is not available to the State in this case.

For these reasons, the order of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

BOWMAN, P.J., and INGLIS, J., concur.