4 May 2000

Nos. 2--99--0344 & 2--99--0346 cons. 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellant, )

)

v. ) No. 98--CF--2427

)

DENNIS BURMEISTER, ) Honorable

) Barbara C. Gilleran Johnson

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellant, )

)

v. ) No. 98--CF--2424

)

BRYAN BURMEISTER, ) Honorable

) Barbara C. Gilleran Johnson,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

While executing a search warrant, Lake County police officers discovered evidence of cocaine trafficking in the home of defendants, Dennis and Bryan Burmeister.  Bryan was charged with unlawful possession of less than 15 grams of a controlled substance (720 ILCS 570/402(c) (West 1998)), and Dennis was charged with unlawful possession of between 400 and 900 grams of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(C) (West 1998)) and unlawful possession of between 400 and 900 grams of a controlled substance (720 ILCS 570/402(a)(2)(C) (West 1998)).  After concluding that there was no probable cause to issue the  warrant, the trial court granted defendants' motion to quash the arrests and suppress evidence.  The State appeals, arguing that the mere presence of curbside contraband creates probable cause to search a residence.  We consolidate the appeals, and we affirm.

FACTS

Before the police searched defendants' home, Lake County agent David Walsh filed a complaint for a search warrant pursuant to section 108--3(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/108--3(a) (West 1998)).  In the complaint, Walsh named Bryan Burmeister and "2812 N. Elmwood, Waukegan" as the targets of the proposed search.  Walsh did not allege that Bryan had any connection to the residence.  Furthermore, Walsh mistakenly noted that the home is on the east side of the street when, in fact, it sits on the west side.  A residence on the east side of the street, 2821 N. Elmwood, closely resembles the Burmeister residence.

Walsh stated that he had probable cause to believe that evidence of cocaine trafficking could be found in defendants' home.  Walsh's suspicions were supported by tips from "anonymous sources" and an investigation by unnamed police officers.  Garbage in defendants' neighborhood is collected weekly.  On three consecutive trash days, the officers collected several black plastic garbage bags from the curb in front of the residence.   The first search disclosed one 4½-inch straw and "plastic baggies" containing a white powdery substance that field tested positive for cocaine.  The second search disclosed "two clear plastic bags with the corners missing that had a white powdery residue which field tested for the presence of cocaine and indices."  The third search disclosed one rolled-up tissue with residue that field tested positive for cocaine.  Agent Walsh did not allege that he had any personal knowledge of the trash searches.  Walsh applied for a warrant two days after the third search.  After reviewing the complaint, Judge John Radosevich issued a search warrant for defendants' home.  No evidence suggests that Walsh participated in the search of the residence.

The State offered no evidence at the hearing on defendants'  motion to quash the arrests and suppress evidence.  However, each defendant submitted an affidavit stating that he never used black trash bags to deposit garbage because the use of the bags was prohibited by the trash collection rules; defendants used only a large blue bin to deposit trash.  Defendants introduced photographs of their home, adjacent homes, and the trash bin they used.  The trial court granted defendants' motion, concluding that there was no probable cause to search defendants' home because the warrant application failed to establish a nexus between the curbside contraband and the residence.

ANALYSIS

On appeal, the State argues that the trial court erroneously suppressed the evidence discovered during the residential search because "common experience" tells us that an item found in curbside trash originates from the nearest residence.  We use a two-step analysis when reviewing a trial court's decision to suppress evidence.  First, we do not disturb the court's findings of fact unless they are clearly erroneous or against the manifest weight of the evidence.  
People v. Mabry
, 304 Ill. App. 3d 61, 64 (1999).  We then review 
de
 
novo
 the court's decision to suppress the evidence.  
Mabry
, 304 Ill. App. 3d at 64.

The trial court examined defendants' affidavits and the photographs they introduced.  In light of defendants' unrebutted  evidence, the court determined that the warrant application was defective.  The trial court's finding that defendants did not use the black trash bags is not against the manifest weight of the evidence.

We next review 
de
 
novo
 the court's decision to suppress the evidence and quash the arrests for lack of probable cause.  A judge may issue a search warrant for the seizure of evidence of criminality if the officer submits a complaint "which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized."  725 ILCS 5/108--3(a) (West 1998).  We conclude that agent Walsh's complaint neither stated facts establishing probable cause nor particularly described the premises to be searched.

The constitutional protection against unreasonable governmental searches and seizures extends only to individuals who have a reasonable expectation of privacy in the place searched or the property seized.  
People v. Pacheco
, 281 Ill. App. 3d 179, 183 (1996).  By placing a trash container on the curb for collection, a defendant terminates any possessory or ownership interest in the contents.  This abandonment of the trash ends the defendant's  privacy expectation in it, and the fourth amendment protection against unreasonable searches and seizures does not apply.  See 
Pacheco
, 281 Ill. App. 3d at 183-84.

When the presence of the police is lawful and property is discarded in a public place where the defendant can have no reasonable expectation of privacy in the abandoned property, no issue of an unlawful search is presented, and probable cause is unnecessary to search or seize it.  
Pacheco
, 281 Ill. App. 3d at 184.  Thus, the police properly conducted a warrantless search of defendants' trash.  However, they could use the evidence discovered to obtain a search warrant only if the warrant application  established probable cause that the curbside evidence came from the residence to be searched.  See 725 ILCS 5/108--3(a) (West 1998).

Although the officers' search of the trash was permissible,  Walsh's application did not allege facts creating probable cause to search defendants' home.  On appeal, the State merely argues that "common experience teaches that garbage located in front of a particular house is the refuse of that home."  We disagree.  When a resident terminates his privacy interest in his trash by placing it on the curb for collection, anyone may rummage through it and deposit incriminating items.

In concluding that a homeowner has no fourth amendment protection in curbside trash, the United States Court of Appeals for the Seventh Circuit has noted that trash is readily accessible to animals, children, scavengers, and snoops.  
United States v. Redmon
, 138 F.3d 1109, 1113 (7th Cir. 1998).  Trash is placed at the curb for the express purpose of conveying it to a third party, the trash collector, who might sort through it himself or allow others to do so.  
Redmon
, 138 F.3d at 1113.  The police may search curbside trash without a warrant because the refuse is accessible to the public.  However, the police may not presume that the evidence they discover originated from the nearest residence.

When the police discover recently deposited curbside contraband, a magistrate may issue a warrant to search the resident's home if the officer's complaint describes an eyewitness account of the resident dumping the trash for collection.  See 
California v. Greenwood
, 486 U.S. 35, 37-38, 100 L. Ed. 2d 30, 35, 108 S. Ct. 1625, 1627 (1988); 
People v. Eyler
, 133 Ill. 2d 173, 202 (1989).

In 
Greenwood
, the officer drove past the defendant's residence and saw a man carrying trash to the curb for collection.  The officer directed the trash collector to remove the other refuse from his truck, collect the defendant's trash, and deliver the trash to the officer.  A search disclosed evidence of drug trafficking.  Later that day, the officer submitted an affidavit describing her observations and the residence in detail, and a magistrate issued a warrant to search the defendant's home.  
Greenwood
, 486 U.S. at 37-38, 100 L. Ed. 2d at 35, 108 S. Ct. at 1627.  The Supreme Court upheld the warrantless search of the trash and the issuance of the warrant.  
Greenwood
, 486 U.S. at 40, 100 L. Ed. 2d at 36, 108 S. Ct. at 1628.

In 
Eyler
, a dismembered body was discovered in eight garbage bags in a Dumpster.  The janitor assigned to the defendant's apartment building saw the defendant leave his building three times carrying four silver garbage bags and one large "bundle."  Each time he returned to the building, the defendant carried nothing. Although the janitor told the defendant to deposit trash only in the Dumpster assigned to his building, he saw the defendant throw the bundle into a Dumpster used by the tenants of an adjacent building.  
Eyler
, 133 Ill. 2d at 186.  Another janitor watched the defendant deposit two heavy trash bags into the Dumpster.  Early the next morning, a third janitor discovered the contents of the packages that the defendant dumped.  The three janitors described their observations to the police, and based on the information, an officer obtained a warrant to search the defendant's apartment.  
Eyler
, 133 Ill. 2d at 187-88.  Our supreme court affirmed the defendant's convictions and death sentence, concluding that the officer's complaint for the warrant established probable cause to search the apartment.  
Eyler
, 133 Ill. 2d at 203.

This case is distinguishable from 
Greenwood
 and 
Eyler
.  Agent Walsh's complaint did not allege that he or a reliable eyewitness saw either defendant place the black trash bags on the curb for collection.  Nothing suggests that defendants were the source of the contraband found in the bags.

The State argues that the discovery of contraband on three consecutive trash days created probable cause to search.  We disagree.  The State does not challenge defendants' assertions that they did not use the black trash bags.  The State does not argue that an officer watched the residence to insure that no one systematically deposited contraband in front of defendants' home.  We note that it would have been easier for the officers to watch defendants deposit the garbage once rather than rummage through the trash for three weeks.  The investigators' methods were inefficient, excessively intrusive, and unreliable.

Relying on 
State v. Erickson
, 496 N.W.2d 555 (N.D. 1993), the State contends that there was probable cause to search the home because the police discovered "indices of residency" in defendants' trash.  In 
Erickson
, the North Dakota Supreme Court held that a magistrate may issue a warrant if the officer's complaint merely describes items found in the trash that link the trash to the  defendant's residence.  
Erickson
, 496 N.W.2d at 559.

Decisions from other states do not bind this court, but we examine the cases for " 'such value as Illinois courts may find in them.' "  
Kroger Co. v. Department of Revenue
, 284 Ill. App. 3d 473, 481 (1996), quoting 
Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.
, 210 Ill. App. 3d 231, 239 (1991).  We need not decide whether to follow 
Erickson
, because this case is factually distinguishable.

In 
Erickson
, the officer's affidavit disclosed that the police retrieved trash from a Dumpster located behind the defendant's residence.  The trash contained a traffic ticket issued to the defendant, a letter addressed to him, and evidence of cannabis trafficking.  No one saw the defendant deposit the trash that was searched.  The North Dakota Supreme Court concluded that the evidence supplied a nexus between the contraband, the defendant, and the home to be searched.  
Erickson
, 496 N.W.2d at 559.  In his warrant application, agent Walsh failed to describe the "indices" the police allegedly discovered in defendants' trash.  Even if we were to adopt the rule announced in 
Erickson
, Walsh's complaint failed to establish probable cause to search defendants' home.

In his application for the warrant, agent Walsh stated that "anonymous sources" disclosed that defendants' house was linked to cocaine trafficking.  When determining the sufficiency of a complaint for a search warrant, no presumption of reliability applies to an anonymous informant.  
People v. Damian
, 299 Ill. App. 3d 489, 493 (1998).  Furthermore, the reliability and veracity of the source of the information contained in the search warrant are important factors to consider when determining whether the information establishes probable cause for the issuance of a warrant.  
Damian
, 299 Ill. App. 3d at 492.  After considering all the circumstances set forth in the affidavit, including the veracity and the basis of knowledge of persons supplying hearsay information, a magistrate may issue a warrant if there is a fair probability that contraband or evidence of a crime will be found in a particular place.  
Damian
, 299 Ill. App. 3d at 492-93.

There is no evidence that Walsh's "anonymous sources" are reliable or that they even exist.  The conclusory information that they allegedly provided lacks detail.  Moreover, the independent police investigation does not overcome the unreliability of the anonymous tips.  See 
Damian
, 299 Ill. App. 3d at 493.  Agent Walsh's application failed to link the curbside contraband to defendants or their residence.

Finally, we conclude that Walsh's warrant application failed to describe with sufficient particularity the premises to be searched.  The fourth amendment generally prohibits warrantless searches of a home.  U.S. Const., amend. IV; 
Mabry
, 304 Ill. App. 3d at 64.  To be valid, a search warrant must particularly describe the person or place to be searched and the items to be seized.  725 ILCS 5/108--3, 108--7 (West 1998); 
Mabry
, 304 Ill. App. 3d at 64.  The purpose of this requirement is to prevent the use of general warrants that would give police broad discretion to search and seize.  Therefore, the test for the sufficiency of a description in a search warrant is whether it leaves the executing officer no doubt and no discretion as to the person or premises to be searched.  
Mabry
, 304 Ill. App. 3d at 64. 

Generally, an otherwise valid warrant will not be quashed due to technical errors not affecting the substantial rights of a defendant.  725 ILCS 5/108--14 (West 1998); 
Mabry
, 304 Ill. App. 3d at 64.  This court has noted that errors or omissions in addresses are not 
per
 
se
 fatal to the validity of a search warrant.  A warrant must simply identify the place to be searched to the exclusion of all others.  At the very least, it must enable the police, with reasonable effort, to identify the place intended. 
Mabry
, 304 Ill. App. 3d at 65.

In his complaint, agent Walsh mistakenly noted that defendants' home is on the east side of the street.  A residence on the east side of the street, 2821 N. Elmwood, closely resembles the Burmeister residence.  The officers executing the warrant should have reasonably concluded that the warrant contained inaccurate information, and the officers should have sought a clarification of the information before entering defendants' home.  The trial court noted that Walsh failed to attach a picture of defendants' home to his warrant application.  Doing so would have minimized any confusion.  We conclude that Walsh's description of defendants' residence did not exclude all others.

Inaccuracies will not necessarily invalidate a warrant if the officer applying for the warrant also executed the warrant.  
People v. Redmond
, 43 Ill. App. 3d 682, 684 (1976).  However, the State offers no evidence that suggests that Walsh executed the warrant.

The State asks us to hold that the mere presence of contraband in curbside trash creates probable cause to search the nearest residence.  If we adopted such a rule, anyone could deposit contraband in the trash, alert the police, and watch as the victim's residence was searched.

We conclude that agent Walsh's complaint neither (1) stated facts establishing a nexus between defendants and the curbside contraband nor (2) particularly described the premises to be searched.  We hold that when an application for a search warrant is based on contraband discovered in curbside trash, probable cause exists to search the home only if the application includes a reliable eyewitness account of the defendant depositing the trash.

For these reasons, the order of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER and RAPP, JJ., concur.