THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM STAGE, Defendant-Appellee.

Third District    No. 3—01—0974

Opinion filed February 19, 2003.—Rehearing denied March 25, 2003.

Lisa Madigan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Karen Kaplan, Assistant Attorneys General, of counsel), for the People.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

The defendant, William Stage, was charged with unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 1998)) and unlawful possession of cocaine (720 ILCS 570/402(a)(2)(A) (West 1998)). Following a hearing, the trial judge suppressed the drugs seized from the defendant's home during the execution of a search warrant. The State appeals. We reverse and remand.

The record shows that on September 7, 1999, Inspector Robbie Dail of the Illinois State Police Blackhawk Area Task Force requested a search warrant for the defendant's residence. In his sworn complaint for the warrant, Inspector Dail stated that the defendant, his son, and Carol Bower were all living at 2206 Sixth Street in Fulton, Illinois. On September 3, 1999, Inspector Dail collected a garbage bag from the garbage can in front of 2206 Sixth Street. There were no holes in the bag. It was tightly sealed at the top. When he examined the garbage, he found a baggie with cocaine residue and a silver piece of metal made into a pipe that tested positive for cocaine and methamphet-

amine. He also found a Wal-Mart advertisement addressed to 2206 Sixth Street and an envelope from a greenhouse addressed to Carol Bower at 2206 Sixth Street. Based on the inspector's complaint, the judge issued a search warrant.

Prior to trial, the defendant moved to suppress the evidence obtained in the search. Citing *People v. Burmeister*, 313 Ill. App. 3d 152, 728 N.E.2d 1260 (2000), the defendant argued that since the police did not observe a resident of 2206 Sixth Street place the garbage bag in the garbage, there was no probable cause to support the issuance of the search warrant. The trial court agreed and suppressed the evidence. The State appealed.

■ Generally, a trial court's ruling on a motion to suppress will not be disturbed unless it is manifestly erroneous. *People v. Miller*, 173 Ill. 2d 167, 670 N.E.2d 721 (1996). However, when there are no issues of fact or credibility, but only of law, the appropriate standard of review is *de novo*. *People v. Aguilar*, 265 Ill. App. 3d 105, 637 N.E.2d 1221 (1994). This case involves the application of the law to uncontroverted facts. Therefore, we will review the trial court's decision *de novo*.

The trial court's decision was based on *Burmeister*, 313 Ill. App. 3d 152, 728 N.E.2d 1260. In *Burmeister*, a search warrant was issued based on information provided by "anonymous tipsters" and garbage in a garbage bag collected from the front of the residence that was searched. The appellate court acknowledged that anyone can add to garbage once it has been placed curbside. The garbage in the garbage bag did not contain any indicia that it came from the residence, and no one observed anyone from the residence placing the bag in the garbage bin. The appellate court held that nothing connected the garbage to the residence that was searched; therefore, no probable cause existed to issue the warrant.

In the instant case, the trial court relied on that portion of the analysis in *Burmeister* which acknowledges that anyone can add to a container of garbage once it is left out on the street. The trial judge concluded that since no one had seen the garbage bag placed in the garbage, there was insufficient probable cause to issue the search warrant.

■ We hold that *Burmeister* did not compel granting the motion to suppress. Subsequent to the trial court's decision in this matter, the Second District clarified its holding in *Burmeister* in *People v. Balsley*, 329 Ill. App. 3d 184, 769 N.E.2d 153 (2002). In *Balsley*, a search warrant was issued based on the contents of a garbage bag collected from the front of the defendant's residence. The garbage bag contained two pieces of mail addressed to the defendant at the address to be searched as well as some cannabis. The appellate court distinguished *Burmeis-*

*ter* and held that where there are indicia that connect the garbage to the residence to be searched, probable cause to issue a warrant exists. Likewise, in the instant case, there were indicia that tied the garbage to the residence. Therefore, we hold that, as a matter of law, sufficient probable cause existed for the search warrant to be issued in this case.

■ The defendant argues on appeal that we should expand the privacy protections of the Illinois Constitution (Ill. Const. 1970, art. I, § 6) to include garbage placed out for collection. The defendant invites us to join the New Jersey Supreme Court which, in *State v. Hempele*, 120 N.J. 182, 576 A.2d 793 (1990), recognized a reasonable expectation of privacy in garbage placed at curbside for collection. The court supported its conclusion by analogizing a warrantless search of garbage to a warrantless search of mail noting that, in each case, the person renounces possession of the enclosed contents but maintains an expectation that the vehicle in which the contents are placed will remain free from unreasonable government searches. *Hempele*, 120 N.J. at 207, 576 A.2d at 806-07. We find this analogy to be strained, at best.

When one "relinquishes possession" of mail to the postal service, it is with the implicit understanding that it will be delivered safely and unopened to the addressee or, if delivery cannot be effected, returned unopened to the sender. We are unaware of any custom or practice wherein citizens expect that their trash be returned to them in the event that the trash collector finds the landfill closed. While we could write pages pointing out the defects in the mail-garbage analogy, simply put, we decline to join those who see no significant difference between the garbage and the mail.

The long-standing precedent in Illinois is that an individual has no reasonable expectation of privacy protection in his garbage. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985); *People v. Huddleston*, 38 Ill. App. 3d 277, 347 N.E.2d 76 (1976). This rule is a sound legal concept, and we will not disturb it.

For the foregoing reasons, we reverse the judgment of the Whiteside County circuit court and remand for further proceedings.

Reversed and remanded.

BARRY and SLATER, JJ., concur.